35468. AMERICAN MUTUAL LIABILITY INS. CO. *et al. v.* HOGAN *et al.*

DECIDED APRIL 18, 1955—REHEARING DENIED MAY 3, 1955.

894

*Marshall, Greene & Neely, Burt DeRieux,* for plaintiffs in error.

*Joseph B. Duke,* contra.

FELTON, C. J. The defendant in error contends that the minor claimant was entitled to compensation by virtue of Code § 114-414, which provides: "The following persons shall be conclusively presumed to be the next of kin wholly dependent for support upon the deceased employee: . . . (c) A boy under the age of 18, or a girl under the age of 18, upon a parent. . . As used in this section, the terms 'boy,' 'girl,' or 'child' shall include step-children, legally adopted children, posthumous children, and acknowledged illegitimate children." It is contended that the minor claimant is a posthumous acknowledged illegitimate child, and that therefore she falls within the category.

In C. F. Wheeler Co. *v.* Pullins, 152 Fla. 96 (11 So. 2d 303, 304) the Supreme Court of Florida held: "Parenthetically, it is our view that the acts of the deceased workman immediately prior to the accident may be construed as an acknowledgment of his parentage of the child for, it will be recalled, he lived with

the mother continuously for many months and doubtless he knew that she was enceinte. It is contrary to human experience for a man to continue his cohabitation with a woman as her husband if he entertains doubt that he is the father of the child she is bearing."

Admittedly, the question presented in this case is a close one; however, what constitutes acknowledgment on the part of the putative father under our statute necessarily depends on the circumstances of each case. See L. R. A. 1916E, page 663. Under the circumstances of this case and the law announced in the Pullins case, the question of acknowledgment was one to be resolved by the trior of facts, and the evidence authorized the finding that the putative father had acknowledged the child so as to bring the child within the meaning of the terms "boy, girl, or child" as defined by the act.

It is contended that, while Clifford Hogan may have known that Carrine was pregnant, there was no evidence showing that he thought it was his child. It is further contended: that, because Carrine had mothered one illegitimate child by Clifford's nephew, Clifford could have entertained doubt about the paternity of the minor claimant. Carrine was pregnant at the time she and Clifford started "going together" and Clifford knew of this. This was before Carrine and Clifford attempted to be ceremonially married and before they began living together and holding themselves out as husband and wife. When Carrine became pregnant with her first child, she was unmarried and was not living with another as his wife. She was unfaithful to no one but herself. This was before Clifford had any rights or demands, fanciful or otherwise, on her faithfulness. He took her as he found her and apparently was satisfied with the situation. However, the conception of the minor claimant occurred after earnest efforts and desires on their part to become man and wife, and their relationship and conduct thereafter along with the other evidence authorized the trior of facts to find that Clifford believed that the child Carrine was carrying was begotten of him.

The plaintiffs in error contend that "posthumous children" as used by the act does not include posthumous acknowledged illegitimate children. The contention is without merit. An

acknowledgment of an illegitimate child by its putative father serves to establish the relationship between the father and the child, and once an illegitimate child is acknowledged by its putative father, for the purposes of the Workmen's Compensation Act it stands on the same footing as a legitimate child. This exact question was before the Supreme Court of North Carolina in the case of Lippard v. Southeastern Express Co., 207 N. C. 507 (177 S. E. 801). The North Carolina statute provided: "The term 'child' shall include a posthumous child, a child legally adopted prior to the injury of the employee, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent upon him." That court said: "The fact that the illegitimate child, whose paternity was acknowledged by the deceased employee prior to his death, was born after his death does not affect the relationship between the child and its father. The dependency which the statute recognizes as the basis of the right of the child to compensation grows out of the relationship, which in itself imposes upon the father the duty to support the child, and confers upon the child the right to support by its father. The status of the child, social or legal, is immaterial. The philosophy of the common law which denied an illegitimate child any rights, legal or social, as against its father, and imposed no duty upon the father with respect to the child, is discarded by the statute. The child is no less the child of its father because it was born after his death." See also C. F. Wheeler Co. v. Pullins, supra, and Kluss v. Levene's Son, Inc., 55 N. Y. S. 2d 108; s.c., 57 N. Y. S. 2d 655.

Under the Georgia Workmen's Compensation Law, posthumous children include posthumous acknowledged illegitimate children.

The court did not err in affirming the award of compensation by the single director.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*

898

## CORRECTION.

On page 814, line 20 from the top change "Code § 67-2501" to read "Code § 67-1305."