40269.   FIDELITY & CASUALTY COMPANY
OF NEW YORK et al. v. HODGES.

Decided October 15, 1963.

*H. B. Harcourt,* for plaintiffs in error.

*Wyatt & Wyatt, L. M. Wyatt,* contra.

JORDAN, Judge. ■ "Where there is any evidence to support the award of the State Board of Workmen's Compensation, neither the superior court nor this court has any authority to review the evidence and decide that the weight of the evidence is contrary to such award," *Ford v. Liberty Mut. Ins. Co.,* 99 Ga. App. 257, 258 (108 SE2d 311); and under the decision of the Supreme Court in *American Mut. &c. Ins. Co. v. Sisson,* 198 Ga. 623 (32 SE2d 295), if the award was authorized by any competent evidence, it must be affirmed even if the board or hearing director considered illegal evidence or assigned erroneous reasons for the award, *Bussey v. Globe Indemnity Co.,* 81 Ga. App. 401, 404 (1) (59 SE2d 34), *Hayslip v. Liberty Mut. Ins. Co.,* 72 Ga. App. 509, 510 (2) (34 SE2d 319), provided that the award was not based upon an erroneous legal theory which precluded the consideration by the board or hearing director of testimony or evidence which, if the same had been considered, would have authorized a contrary result. *Hudson v. Taylor,* 88 Ga. App. 575, 577 (77 SE2d 100).

■ The claim in this case was denied by the hearing director under the authority of *Code* § 114-105 which provides in part as follows: "No compensation shall be allowed for an injury or death due to the employee's wilful misconduct . . . or due to intoxication. . ." Within the purview of this Code section, intoxication "is a condition where one is under the influence of intoxicating liquors to the extent that he is not entirely at himself, or his judgment is impaired, and his acts or words or conduct is visibly and noticeably affected"; and the burden is on the one who claims an exemption or forefeiture under *Code* § 114-105 to show that such intoxication was the proximate cause of the injury or death of the employee. *Parks v. Maryland Cas. Co.,* 69 Ga. App. 720, 725 (26 SE2d 562). Findings of fact by the State

Board of Workmen's Compensation on the question of wilful misconduct or intoxication, and whether the wilful misconduct or intoxication was the proximate cause of the injury or death, like findings of fact on other issues, are conclusive and binding on the superior court and this court when supported by the evidence. *Klein v. Maryland Cas. Co.*, 79 Ga. App. 560, 562 (54 SE2d 277).

■ The evidence adduced at the hearing before the deputy director disclosed that the claimant's husband was killed in an automobile collision on December 16, 1959, at approximately 6:28 p.m. Central Time, on U. S. Highway 29, a four-lane highway, approximately 243 feet south of the city limits of Lanette, Alabama, when the deceased's car collided with an automobile driven by Herbert Miles. The evidence further showed that the deceased was traveling north on U. S. 29 and that Mr. Miles was proceeding south and that the collision occurred when the deceased drove his automobile to the left across the center dividing line and crashed into the automobile driven by Miles, who upon observing the approach of the deceased in his lane of traffic had pulled as far right as possible and had brought his vehicle to a complete stop. The evidence was in conflict as to whether or not the two north lanes of traffic were blocked by a tractor-trailer truck at the time when the deceased crossed over the center line and collided with the Miles' automobile, but the uncontradicted evidence showed that the deceased would have had a clear view of such obstruction, if the same did exist, for at least 100 yards.

As to the issue of Mr. Hodges' intoxication at the time of the collision, the evidence authorized the finding of the following facts, among others. On the day of the collision the deceased was observed in the possession of and drinking from a pint bottle of "bonded" liquor about lunch time and from a bottle of "shine" liquor at approximately 3 p.m. He was also observed drinking several cans of beer at two different "beer joints" in the late afternoon. Arthur Lee Edge, a witness for the employer, testified that he saw the deceased at a "beer joint" about 5:30 p.m. Central Time and that the deceased was drinking beer. He further testified that in his opinion the deceased was under the influence of intoxicating liquor at that time and that this was

noticeable in the deceased's actions; he was talking thick-tongued and his remarks were slurred; and in the opinion of the witness his judgment was impaired to such an extent that it was not safe for him to drive an automobile, and that he had offered to have the deceased driven home, but that he had refused. The odor of alcohol was detected about the deceased after the collision by another witness.

Witnesses for the claimant stated that they did not see the deceased drinking during the day nor did they detect the odor or effect of alcohol on him prior to or after the collision. While there was contradictory evidence on the issue of intoxication, this court cannot, as stated above, review the evidence and decide that the weight of evidence is contrary to the award. We must affirm the award if the same was supported by any competent evidence. In our opinion, therefore, applying the definition of intoxication as stated in the *Parks* case, supra, the evidence set forth above authorized the finding that the deceased was intoxicated when observed by the witness Edge at a "beer joint" shortly before the fatal collision; and in view of the manner in which the collision occurred, the hearing director was amply authorized to find under all the facts and circumstances present that said intoxication was the cause of his death.

The award being thus sustained by competent evidence, as set forth above, it is unnecessary to consider (under the decisions cited in Division 1 of the opinion) whether or not the hearing director erred in allowing in evidence over the objection of counsel for the claimant, the results of a blood test made under the auspices of the Alabama Highway Patrol from a specimen of blood taken from the body of the deceased, the consideration of said evidence not being necessary to authorize the finding that the deceased was intoxicated at the time of his death. See *Hartford Acc. & Co. v. Hillhouse*, 73 Ga. App. 122, 128 (35 SE2d 603) ; *Standard Acc. Ins. Co. v. Handspike*, 76 Ga. App. 67, 69 (44 SE2d 704).

Accordingly, the award of the hearing director of the State Board of Workmen's Compensation being authorized by the evidence, it was error for the Superior Court of Troup County to reverse it, and the judgment of that court must be reversed.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*