40757. PATTERSON v. LIBERTY MUTUAL INSURANCE COMPANY et al.

DECIDED JUNE 29, 1964.

*Robert Carpenter, A. Tate Conyers,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, Burt DeRieux, James A. Eichelberger,* contra.

JORDAN, Judge. It is conceded by plaintiff's counsel that under the application of the "any evidence" rule the award denying compensation to the mother as the alleged common law widow of the deceased employee was authorized. Vigorous objection is made to the award as to the posthumous child, however, on the grounds that this award was predicated upon an erroneous legal

theory which precluded the hearing director from considering evidence which would have authorized a finding that the child was a dependent of the deceased employee and entitled to compensation.

This court in *American Mut. &c. Ins. Co. v. Hogan,* 91 Ga. App. 891 (87 SE2d 661), held that under the Georgia Workmen's Compensation Law, *Code* § 114-414, posthumous children include posthumous acknowledged illegitimate children and that what constitutes acknowledgment on the part of the putative father necessarily depends on the circumstances of each case as there is no definitive rule to be applied. The court quoted with approval from C. F. Wheeler Co. v. Pullins, 152 Fla. 96 (11 S2d 303) as follows: "Parenthetically, it is our view that the acts of the deceased workman immediately prior to the accident may be construed as an acknowledgment of his parentage of the child for, it will be recalled, he lived with the mother continuously for many months and doubtless he knew that she was enceinte. It is contrary to human experience for a man to continue his cohabitation with a woman as her husband if he entertains doubt that he is the father of the child she is bearing."

The court ruled in the *Hogan* case that under the facts and circumstances present when considered in the light of the law announced in the Pullins case, the question of acknowledgment was one to be resolved by the trior of fact; and that the evidence authorized the finding that the deceased employee had acknowledged the child so as to bring the child within the coverage of the Act.

It is our opinion that in this case the issue of acknowledgment was likewise one to be resolved by the trior of fact; and that under the facts and circumstances here, a finding was authorized, though not demanded, that the posthumous illegitimate child had been acknowledged by the deceased employee. The evidence authorized the finding that the decedent and the mother of the child had lived together continuously from May 1960, until the employee's death on August 30, 1960; that the mother was approximately two months pregnant at the time of the employee's death; that the mother prior to the employee's death "knew in her own mind" that she was pregnant and had so informed the

decedent who was "hopeful" that she was, and who had informed the maternal grandmother of the probable pregnancy.

The award of the hearing director affirmatively discloses, however, that this evidence was not considered in resolving the issue of acknowledgment; but rather, that the hearing director concluded as a matter of law that the deceased employee could not have acknowledged the posthumous child since he did not know as a positive fact that the mother was pregnant at the time of his death on August 30, 1960; such finding being based upon the fact that the mother's pregnancy was not medically confirmed until tests were made on September 8, 1960, several days after the employee's death.

It is contended by plaintiff's counsel that the finding of the hearing director with respect to the claim of the posthumous child was predicated upon an erroneous theory of law for the reason that it is immaterial whether or not the putative father knew as a matter of positive fact that the mother was pregnant, it being sufficient that the putative father believed such to be the case when in fact it. was; and that, acting on such belief, he acknowledged his parentage of the child. With this contention we agree. The controlling factor is the actual fact of pregnancy and the putative father's intent with respect to the unborn child; and this being true, an acknowledgment of parentage may be made by one who is acting in the belief that the mother is pregnant with his child irrespective of the fact that her pregnancy has not been medically or otherwise determined as a positive fact.

The record in this case contained evidence which would have authorized a finding that the deceased employee believed that the woman with whom he had been living for several months was pregnant and that the decedent by his conduct acknowledged his parentage of the child. An award in favor of the posthumous child was thus authorized; and since it affirmatively appears from the award of the hearing director that the same was based upon an erroneous legal theory which precluded the consideration of evidence which, if the same had been considered, would have authorized a contrary result, the judgment of the superior court which affirmed the award must be reversed with direction that the case be remanded to the Board of Workmen's Compen-

26

sation for further consideration and findings. *Fidelity & Cas. Co. v. Hodges,* 108 Ga. App. 474 (1) (133 SE2d 406).

*Judgment reversed with direction. Bell, P. J., and Eberhardt, J., concur.*