ARGUED JANUARY 10, 1966—DECIDED JANUARY 26, 1966.

*Albert E. Butler,* for appellant.

*Wilson G. Pedrick, J. Edmund Pedrick,* for appellee.

41730. PATTERSON, by Guardian v. LIBERTY MUTUAL INSURANCE COMPANY et al.

JORDAN, Judge. This is the second appearance of this workmen's compensation case in this court. In *Patterson v. Liberty Mut. Ins. Co.,* 110 Ga. App. 23 (137 SE2d 549), it was held that the record of the hearing before a deputy director contained evidence which was sufficient to authorize, though it did not demand, a finding that the deceased employee had acknowledged his parentage of the claimant, a posthumous illegitimate child, so as to qualify him as a dependent entitled to workmen's compensation; and since it affirmatively appeared from the award denying compensation that the same was predicated upon an erroneous legal theory which precluded the consideration of this evidence, the judgment of affirmance by the superior court was reversed with direction

that the case be remanded to the board for further consideration.

In accordance with the direction of this court, the record was reconsidered and a new award was entered in which the deputy director after considering all the evidence, found as a matter of fact that there had been no acknowledgement of the claimant by the deceased employee, and again denied compensation. On appeal to the full board, the findings of fact of the deputy director were adopted and the award of the deputy was made the award of the full board. The appeal to this court is from the judgment of the superior court affirming the award of the full board. *Held:*

This court on the first appearance of this case held that the determination of the issue of acknowledgment was one for the board as the trior of facts, the evidence being sufficient to authorize but not demand a finding in favor of the claimant. The record now before this court discloses that the board, upon the case being remanded to it, properly considered all of the evidence on this issue in accordance with the previous direction of this court, and the subsequent award denying compensation is not erroneous for any reasons enumerated.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

ARGUED JANUARY 11, 1966—DECIDED JANUARY 26, 1966.

*Robert Carpenter, A. Tate Conyers,* for appellant.

*Greene, Neely, Buckley & DeRieux, Burt DeRieux, James A. Eichelberger, Johnson & Phillips,* for appellees.