### 55248. HOME INSURANCE COMPANY et al. v. BURNETT.

QUILLIAN, Presiding Judge.

Appeal was taken from the judgment of the Whitfield Superior Court affirming the award of the State Board of Workmen's Compensation. *Held:*

1. The award of the full board stated in part: "The sole issue to be determined in this claim is that of jurisdiction. Code § 114-411 governs a claim where, as here, the work-related accident occurred outside this state. *Uncontradicted testimony adduced at hearing* establishes that claimant's state of legal residence is Georgia and that his contract of employment was to be performed in Georgia as well as Tennessee. The foregoing conditions satisfy the requirements of § 114-411 and thus it follows that jurisdiction in this claim properly lies in Georgia." The award was based on an erroneous legal theory that because the claimant's residence was in Georgia and part of the contract was to be performed in Georgia, under Code § 114-411 Georgia had jurisdiction of the workmen's compensation claim resulting from an out-of-state injury.

In fact, Code § 114-411 provides that for Georgia to

have jurisdiction of an injury which occurs outside of the state:(1) the contract must be entered into in Georgia, (2) the claimant must reside in Georgia or the employer have a place of business in Georgia. Since the award was based on an erroneous legal theory, the judgment of the superior court affirming the award of the workmen's compensation board is reversed with direction that the case be remanded to the board for action in accordance with what is stated in this opinion.

*Judgment reversed with direction. Bell, C. J., Webb, Smith, Banke and Birdsong, JJ., concur. Deen, P. J., McMurray and Shulman, JJ., dissent.*

ARGUED FEBRUARY 6, 1978 — DECIDED JUNE 22, 1978.

*Swift, Currie, McGhee & Hiers, Robert R. Potter, James T. McDonald, Jr.,* for appellants.

*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, J. Raymond Bates, Jr., Warren N. Coppedge, Jr.,* for appellee.

McMURRAY, Judge, dissenting.

The claimant herein was a truck driver employed by Tri-State Contract Trucking, an interstate commerce carrier having a contract with General Shale, operating both in Georgia and in Tennessee. The claimant was employed to deliver brick and concrete block from General Shale's plant at Cohutta, Georgia, Tri-State having two trucks based in Georgia for delivery from this plant to places throughout Georgia, Tennessee and other states in the area.

Claimant first learned of the employment opening from another driver and applied for the position with Tri-State, whose home office was in Chattanooga, Tennessee. He was called and told to report to General Shale at Cohutta, Georgia, if he wanted the job. He was required to pick up the truck in Chattanooga, and he was paid by the load. After picking up the truck he immediately brought it back to Cohutta, Georgia, and began delivering for Tri-State under its delivery service for General Shale from its Cohutta plant. He was injured

in Tennessee on a trip from Cohutta, Georgia.

In regard to his claim for workmen's compensation the parties stipulated that the accident arose out of and in the course of employment and as to the degree of his disability and that he had received $80 per week under the provisions of the Tennessee workmen's compensation statute for a definite period of time. However, the only question involved is whether the Georgia workmen's compensation law applied. The administrative law judge found that the contract of employment was entered into in the State of Georgia, the employee lived in Georgia, and his regular place of employment was Georgia, and that this claim is clearly within the jurisdiction of the Georgia Workmen's Compensation Act as provided in Code § 114-411. On appeal to the board the findings and conclusions of the administrative law judge were made the findings of the board except as inconsistent with its findings with reference to the work-related accident occurring outside of Georgia. The board then held that the uncontradicted testimony establishes that the claimant's legal state of residence is Georgia, that his contract of employment was to be performed in Georgia, as well as Tennessee, and that the foregoing conditions satisfied requirements of Code § 114-411. The decision of the board was affirmed by the trial court on appeal.

The majority reverse contending that the award of the board was based on an erroneous legal theory that because the claimant's residence was in Georgia and part of the contract was to be performed in Georgia, that the Georgia Board of Workmen's Compensation had jurisdiction of the claim resulting from an out-of-state injury. I cannot agree that the board based its findings alone on this alleged erroneous legal theory but same was based on testimony and evidence. The board adopted the findings of the administrative law judge. The administrative law judge also found "that the contract of employment was entered into in the State of Georgia; that the employee lived in Georgia and that his regular place of employment was . . . Georgia." Code § 114-411 clearly states the employee or his dependents shall be entitled to compensation as to an accident happening while he is employed elsewhere, "if the contract of employment was

made in this State, and if the employer's place of business is in this State or if the residence of the employee is in this State . . ." Clearly the employer's contract was not expressly for services exclusively outside the state and this portion of Code § 114-411 does not apply. The evidence clearly showed that this out-of-state business (Tri-State) maintained a place of business including two trucks for delivery of goods intrastate and interstate at Cohutta, Georgia, and there is no question that the residence of the employee was in this state. It is my opinion that the Georgia Board of Workmen's Compensation had jurisdiction of this claim based on the evidence submitted, and the claimant was duly entitled to compensation.

I therefore respectfully dissent.

SHULMAN, Judge, dissenting.

While I agree with the majority that the award cited as its basis an erroneous legal theory, I do not believe that this merits a reversal. The award affirmatively shows that the erroneous legal theory did *not* preclude the consideration of evidence which, if the same had been considered, would have authorized a contrary result. Compare with *Fidelity &c. Co. of N.Y. v. Hodges,* 108 Ga. App. 474 (1) (133 SE2d 406); and *Patterson v. Liberty Mut. Ins. Co.,* 110 Ga. App. 23 (137 SE2d 549).

Rather, in the findings of fact, the issue of place of contract was expressly considered. The specific finding that the place of execution occurred in Georgia was supported by the evidence and is consistent with the legal conclusion that jurisdiction existed. By affirming the award, we are not adopting or approving an erroneous legal theory. "[T]he judgment will be affirmed if correct, regardless of the fact that it may be predicated upon an erroneous reason." *Indemnity Ins. Co. v. Loftis,* 103 Ga. App. 749 (3) (120 SE2d 655).

I am authorized to state that Presiding Judge Deen joins in this dissent.