## 56502. ALLEN et al. v. NORRIS et al.

SHULMAN, Judge.

Appellants, freeholders of property in Columbia County, brought this action against the members of the Columbia County Board of Tax Assessors, demanding their removal from office under the provisions of Code Ann. § 92-6909. That statute provides for the removal

from office of tax assessors for, among other causes, failure to properly and impartially discharge their duties. This appeal is from a judgment in favor of the tax assessors. In three enumerations of error, appellants contend the trial court erred in not finding that the appellees had failed to properly and impartially discharge their duties.

1. The first enumeration of error alleges that the assessors failed to fairly and justly equalize the valuations on taxable property in violation of the duty imposed by Code Ann. § 92-6911 (a). The trial court found, on evidence which authorized such a finding, that the assessors, upon taking office at the beginning of 1977, discovered that certain property in the county had not been assessed the last time a general reassessment was made. To correct that situation, the assessors inspected the property in question and assessed it at what they considered to be the fair market value as of January 1, 1974, the date as of which the rest of the property in the county was appraised.

Those findings authorized the trial court's conclusion that the assessors had not failed in their duty to "see that all taxable property within the county is assessed. . .at its just and fair valuation and that valuations as between the individual taxpayers are fairly and justly equalized so that each taxpayer shall pay as near as may be only his proportionate share of taxes." Code Ann. § 92-6911 (a). There is no merit to the first enumeration of error.

2. In their third enumeration of error, appellants argue that appellees failed in the duty above quoted by assessing all the property as of January 1, 1974, rather than as of January 1, 1977. We do not find in the statute a restriction limiting the date for fixing valuation to the year in which the assessment was made, and prohibiting fixing valuation as of a prior year. The requirement of the law is that all property be assessed at its just and fair valuation. The clear import of the section is to ensure that the burden of taxation is spread evenly over the taxpayers, according to a fair valuation of their property holdings. Appellants have not shown that the tax assessors failed to properly and impartially discharge their duties by setting the valuations as of a date three

years back. So long as the valuations are fair and just and all property is assessed as of the same date, there is no statutory mandate that a particular date be chosen. The third enumeration presents no ground for reversal.

3. The second enumeration of error addresses the failure of the assessors to complete the tax digest within the time required by Code Ann. § 92-6917. That section requires that the tax assessors complete their work by June 1. The uncontradicted evidence in this case shows that the tax digest was not delivered to the tax commissioner until June 7, 1977. Clearly, there was a failure to comply with the statutory duty placed on the assessors to complete their work by June 1.

The trial court, however, disposed of that ground of the petition for removal by holding that the requirement of § 92-6917 is directory rather than mandatory and was not a ground calling for their dismissal from office.

The authority for that holding was *Colvard v. Ridley,* 219 Ga. 361 (1e) (133 SE2d 364). However, the issue in that case was the validity of assessments made after June 1. That case did not deal with whether the failure to comply with Code Ann. § 92-6917 constituted ground for removal of the assessors. This court has dealt with that question. In *Kirton v. Biggers,* 135 Ga. App. 416 (218 SE2d 113), this court reviewed the action of a county board of commissioners in removing from office the county's chairman of the board of tax assessors under Code Ann. § 92-6904. One of the grounds for that removal was noncompliance with § 92-6917, and this court held as follows: "It has been held that '[t]he charges or reasons given must be sufficient in their nature to warrant removal. . .' [Cit.]. As the board noted in its resolution-notice, Code Ann. § 92-6904, supra, provides that removal may be for merely 'the failure to perform the duties. . .imposed upon them by law.' The duty under Code Ann. § 92-6917 is such a duty 'imposed upon them by law,' whether it is mandatory or merely a directory duty. The statute does not differentiate either between duties which are mandatory or directory. . .or between failures of performance of duties which are intentional or negligent." Id., p. 418.

Neither does Code Ann. § 92-6909 make such a

differentiation. It provides for removal of tax assessors who "are not properly and impartially discharging their duties." Compare § 92-6904, supra, providing for removal "only for cause shown for the failure to perform the duties or meet the qualifications imposed upon them by law." Therefore, the trial court's holding, that failure to comply with Code Ann. § 92-6917 is not a ground for removal because the duty imposed by that section is directory only, is error. Since the trial court's holding was clearly based on a misapprehension of the legal principle involved, we reverse the judgment and direct that the case be remanded to the trial court for consideration in accordance with our holding on this issue. See *Home Ins. Co. v. Burnett,* 146 Ga. App. 355 (246 SE2d 394).

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED NOVEMBER 28, 1978.

*Wilson & Trotter, William A. Trotter, III,* for appellants.

*Dye, Miller, Bowen & Tucker, A. Rowland Dye,* for appellees.