A96A1526. CASHIN et al. v. HARDMAN et al.
(477 SE2d 433)

BEASLEY, Chief Judge.
This appeal was transferred to the Court of Appeals by the

Supreme Court of Georgia for the stated reason that the only substantive question is whether the superior court properly concluded that the legal standard for removing tax assessors was met. The Supreme Court cited *Pittman v. Harbin Clinic &c.*, 263 Ga. 66 (428 SE2d 328) (1993).

On the authority of OCGA § 48-5-295, the Glynn County Board of Commissioners voted to remove the members of the county's Board of Tax Assessors from office because of their failure to file a tax digest by June 1, 1995, as required by OCGA § 48-5-302. The tax assessors filed this action for injunctive relief. They appeal orders denying their motion to recuse the trial judge and the requested injunction. We hold in Division 2 that the judge did not err in denying the recusal motion rather than having it assigned to another judge. The issues addressed in Division 1 relate to the holding in Division 2.

1. The tax assessors contend the court erred in finding that the failure to comply with OCGA § 48-5-302 could mandate, ipso facto, their removal without a just and proper showing of cause.

With certain exceptions inapplicable here, OCGA § 48-5-302 states that "[e]ach county board of tax assessors shall complete its revision and assessment of the returns of taxpayers in its respective county by June 1 of each year. . . ." Under OCGA § 48-5-295 (b), "[a] member of the county board of tax assessors may be removed by the county governing authority only for cause shown for the failure to perform the duties or meet the qualifications imposed upon him by law."

In *Kirton v. Biggers*, 232 Ga. 223, 226 (1) (206 SE2d 33) (1974), the court interpreted the phrase "for cause shown" in OCGA § 48-5-295 (b) as requiring the county governing authority to give tax assessors notice and a hearing in order to effect their removal from office. In this case, the tax assessors were given notice that the board of commissioners proposed to remove them from office because of their failure to carry out the duty imposed upon them by OCGA § 48-5-302. This notice also informed the tax assessors that the matter would be considered by the board of commissioners at a meeting at which the tax assessors had the opportunity to defend the charges against them. At the conclusion of the meeting, the board voted to remove the assessors from office.

The tax assessors argued to the superior court that the duty imposed by OCGA § 48-5-302 is directory rather than mandatory and thus cannot be a violation of a legal obligation justifying their removal from office. This argument was rejected in the second appellate appearance of the *Kirton* case, *Kirton v. Biggers*, 135 Ga. App. 416 (218 SE2d 113) (1975): "[OCGA § 48-5-295 (b)] provides that removal may be for merely 'the failure to perform the duties . . . imposed . . . by law.' The duty under [OCGA § 48-5-302] is such a

duty 'imposed upon them by law,' whether it is a mandatory or merely a directory duty. The statute does not differentiate either between duties which are mandatory or directory, joint or several, or between failures of performance of duties which are intentional or negligent." Id. at 418 (2); *Allen v. Norris*, 148 Ga. App. 261, 263 (3) (251 SE2d 145) (1978).

The tax assessors asserted to the superior court that their failure to file the digest within the statutory deadline was either justifiable on various grounds or harmless. They produced evidence that historically the tax digest has not been submitted by the statutory deadline; that their inability to complete the present digest was caused by the fact that the county commission hired a consulting firm which installed a computerized verification and appraisal system used in a 1995 county-wide property revaluation; and that the county was not prejudiced by the fact that the digest was not submitted by the 1995 deadline because extensions were obtained from the State.

The board of commissioners presented evidence that the tax assessors' failure to meet the statutory deadline did prejudice the county and occurred despite the fact that the commissioners had provided the tax assessors with sufficient resources, including the services of the consulting firm, to submit the digest in a timely fashion. The evidence showed that the consulting firm was hired by the county commission on the recommendation of the tax assessors.

The superior court correctly held that the tax assessors' failure to complete the digest by the statutory deadline did not mandate their removal, but that this breach of duty gave the commission discretion to remove them. See *Kirton*, supra, 135 Ga. App. at 419 (3); see also *Allen v. Norris*, 151 Ga. App. 305 (259 SE2d 701) (1979). The superior court did not err, because the failure to fulfill the statutory duty is a valid cause for removal.

2. The tax assessors challenge the judge's denial of their recusal motion.

At the conclusion of the hearing in superior court, the judge observed that, as a result of the 1995 revaluation, he had been deluged with taxpayer complaints as though it were his "fault" and that there had been an escalation in the valuation of properties in which he himself had an interest. He recognized that the assessors retained the consultants to assist in revaluation and criticized the method he had seen used by the consulting firm to appraise his and neighbors' houses. In concluding these remarks, he noted that all of them (commissioners and assessors) were good people and he would enter an order according to what he thought the law was.

As a result of these comments, the tax assessors filed a timely motion for recusal of the judge and a supporting affidavit, on grounds

that his remarks at the hearing related to central issues in the case, gave the appearance of impropriety, and indicated a personal prejudice against the tax assessors. The judge did not have the motion assigned to another judge but instead denied it, giving the reasons therefor.

"When a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted. If it is found that the motion is timely, the affidavit sufficient and that recusal would be authorized if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse." Uniform Superior Court Rule 25.3. "Judges shall disqualify themselves in proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding." Canon 3 (E) (1) (formerly Canon 3 (C) (1)) of the Georgia Code of Judicial Conduct.

" 'In order to be disqualifying the alleged bias must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from (his or her) participation in the case. . . . To warrant disqualification of [a trial judge] the affidavit supporting the recusal motion must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment. Under Canon 2 . . ., a judge must avoid all impropriety and appearance of impropriety. . . . It is not necessary that there be shown any actual impropriety on the part of the trial court judge. The fact that his impartiality might reasonably be questioned suffices for his disqualification.' " (Citations and emphasis omitted.) *In re Shafer*, 215 Ga. App. 520, 521 (451 SE2d 121) (1994).

The remarks of the judge, as set out in the affidavit, and confirmed by the transcript, had no bearing on any issue in the case and amounted to informal remarks on an aspect of the assessment process beyond and not relevant to the issues before the court. This was insufficient to require decision on the motion by another judge or to demand recusal. See *Dept. of Transp. v. City of Atlanta*, 260 Ga. 699, 705 (4) (398 SE2d 567) (1990). Secondly, the issue before the superior court was whether the commissioners were authorized by law to remove the assessors on the grounds asserted, and that was a matter of law. The superior court judge was not faced with an exercise of his discretion.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 23, 1996 — 

C. *Nelson Jarnagin, R. Joseph Hammill,* for appellants.
W. *Gary Moore, Desiree E. Watson,* for appellees.