A00A2441. POPE et al. v. BOARD OF COMMISSIONERS OF
FULTON COUNTY.
(546 SE2d 333)

BARNES, Judge.

Webster R. Pope and Rita A. Lewis Devereaux ("the petitioners") are former members of the Board of Tax Assessors of Fulton County who were relieved of their positions by the Fulton County Board of Commissioners under OCGA § 48-5-295 (b). This Code section permits a member of the county board of tax assessors to be removed by the county governing authority for cause. After the Board of Commissioners voted to remove them, they petitioned the Fulton County Superior Court for a writ of certiorari to review the Board of Commissioners' decision. The petition named the Fulton County Board of Commissioners as the respondent, but did not name a defendant in certiorari. Within the time prescribed in OCGA § 5-4-6 (b), a copy of the petition was served on the Board of Commissioners by a deputy sheriff and the Board's attorney was served by mail.

Subsequently, Fulton County, as a separate entity from the Board of Commissioners, moved to dismiss the petition because the petitioners failed to designate a defendant in certiorari in their initial petition and also failed to designate Fulton County, rather than the Board of Commissioners, as the defendant in certiorari. Thereafter, the petitioners amended the petition to name the Board of Commissioners as both the respondent and the defendant in certiorari. Nevertheless, the superior court granted the County's motion based on the petitioner's failure to name Fulton County as the defendant in certiorari in the original petition. From that decision the petitioners obtained authority under OCGA § 5-6-35 (a) (1) to file a discretionary appeal.

1. The petitioners argue that in removal proceedings under

_____

427 (Mo. App. 1973) (the insured walked into another employee at their mutual place of work, injuring him).

OCGA § 48-5-295 (b) the Board of Commissioners is both the respondent (the inferior judicatory) and the opposite party or defendant in certiorari (the county governing body). Therefore, they assert they were not required to name the Board of Commissioners as the defendant in certiorari. See *Swafford v. Dade County Bd. of Commrs.*, 266 Ga. 646, 647 (2) (469 SE2d 666) (1996). They argue further that nothing in *Fisher v. City of Atlanta*, 212 Ga. App. 635 (442 SE2d 762) (1994), relied upon by Fulton County, can be fairly read as authority to the contrary.

Pretermitting whether the petitioners were required to name the Board of Commissioners as the defendant in certiorari as well as the respondent in the first instance, the petitioners amended their petition to name the Board of Commissioners as the defendant in certiorari before the case was dismissed. Because a petition for certiorari "shall be amendable at any stage, as to matters of form or substance" (OCGA § 5-4-10), a defendant in certiorari was named in this case.

2. Fulton County is not an essential party in this case. The dismissal of the petition for certiorari in *Fisher* was affirmed because the petitioner failed to serve the Civil Service Board as respondent as required by OCGA § 5-4-6 (b). Thus, this court affirmed the trial court's dismissal of the petition for certiorari in *Fisher* because service on the City did not constitute service on the respondent Civil Service Board. *Fisher* held that this result was warranted because the City and the Board have conflicting interests: The Board is merely the respondent, but the City was a party to the dispute.

*Fisher* was correctly decided, as the Civil Service Board did not initiate or prosecute the proceedings before it, but sat solely as a judicial decision-maker in a dispute between the City and a civil servant. In this case, however, the Board of Commissioners performs a more expansive role. Under OCGA § 48-5-295, the tax assessors are appointed by the county governing authority for terms of office selected by that authority and may be removed by the county governing authority. In such circumstances, it is the Board of Commissioners, as the governing authority, which is the proper defendant in certiorari.

Here, however, unlike *Fisher*, the superior court was petitioned to review a quasi-judicial decision of the Board of Commissioners of Fulton County under OCGA § 48-5-295 (b). Because it appears that Pope and Devereaux's petition for certiorari was procedurally sound, the superior court erred in dismissing the petition for lack of service on Fulton County. Therefore, the superior court's dismissal of the petition for certiorari is vacated, and the case is remanded to the superior court for further proceedings.

*Judgment vacated and case remanded. Blackburn, C. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 22, 2001 —

Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney, James P. Robertson, Jr., for appellants.

Elarbee, Thompson & Trapnell, Richard R. Gignilliat, J. Lewis Sapp, Reddy & Silvis, K. Prabhaker Reddy, Franklin N. Biggins, for appellee.