A05A1237. POPE et al. v. BOARD OF COMMISSIONERS OF FULTON COUNTY.
(622 SE2d 471)

PHIPPS, Judge.

The Board of Commissioners of Fulton County removed Webster Pope and Rita Lewis Devereaux ("Petitioners") from their positions on the county's Board of Tax Assessors for failure to comply with certain statutory duties. Petitioners sought review in the superior court, which affirmed the Board of Commissioners' decision. We granted Petitioners' application for discretionary review. They claim that there was no evidence that they failed to meet their statutory duties and that the Board of Commissioners violated their due process rights. Because Petitioners' own admissions support the Board of Commissioners' decision, we affirm.

Pope had been a member of the Board of Tax Assessors since 1980 and Lewis Devereaux had been a member since 1994. On November 20, 1998, the Board of Commissioners notified them in writing that it proposed to remove them from their positions for failing to perform certain statutory duties required of the Board of Tax Assessors. On November 23, the Board of Commissioners served Petitioners with a "Supplemental Notification" stating that they were entitled to a hearing, which would be held on December 2; that they could submit documentary evidence to the Board of Commissioners by December 1; that the Board of Commissioners would not receive any additional

---

[2] See id.; *Nudelman v. State*, 253 Ga. App. 794 (560 SE2d 707) (2002); *Robbins v. State*, 207 Ga. App. 556 (1) (428 SE2d 450) (1993).

documentary evidence at the hearing; and that Petitioners would be allowed to testify at the hearing for 20 minutes each.[1]

The November 23 letter also listed seven grounds for removal. Counts 1-5 alleged that Petitioners had not acted in a timely fashion to complete "revision[s] and assessment[s] of the returns of Fulton County taxpayers" or to prepare a completed Fulton County Tax Digest, as required by OCGA § 48-5-302, for the years 1993, 1995, 1996, 1997, and 1998. Count 6 alleged that Petitioners had neglected to "promptly review and dispose of outstanding real property appraisal appeals," resulting in a revenue shortfall for the county. Count 7 alleged that Petitioners had failed, for the year 1998, to "effectively and efficiently manage the functions and operations of the Board of Tax Assessors" by not acting in a timely manner to mail assessment change notices, begin review of tax assessment appeals, assess returns, and forward and file a completed tax digest. The November 23 letter attached several exhibits as evidence to support the charges against Petitioners.[2]

On December 1, Petitioners submitted an eight-page letter to the Board of Commissioners objecting to the procedures associated with the hearing and denying that there was any cause to remove them. On December 2, the hearing was held. The Board of Commissioners entered into evidence its November 23 letter and accompanying exhibits, as well as Petitioners' December 1 letter, and then Petitioners spoke on their own behalf. After the hearing, the Board of Commissioners removed Petitioners from the Board of Tax Assessors.

Petitioners sought from the Superior Court of Fulton County a writ of certiorari to review the Board of Commissioners' decision. The superior court granted the writ, but later dismissed the case because Petitioners had not named Fulton County as a defendant. We granted discretionary review and reversed, ruling that Fulton County was not

---

[1] The Board of Commissioners also gave notice to, and ultimately removed, the third member of the Board of Tax Assessors, Vermeka Fairrow. Although Fairrow initially protested her removal, she did not join Petitioners in seeking review of the Board of Commissioners' decision and is not a party to this appeal.

[2] The exhibits included: (1) five previous orders of the Superior Court of Fulton County authorizing, pursuant to OCGA § 48-5-310, the temporary collection of taxes for the years 1993, 1995, 1996, 1997, and 1998, pending completion of a finalized tax digest for those years; (2) a transcript from a March 1998 Board of Commissioners meeting at which the commissioners questioned Petitioners about their plans for completing assessments that year; and (3) a 1998 Comprehensive Reappraisal Plan submitted by Petitioners to the Board of Commissioners; (4) minutes from a November 1998 Board of Commissioners meeting; and (5) a memo from the Fulton County Manager to Petitioners recommending changes in the assessment appeal process.

an essential party.[3] The case was remanded to the superior court, which affirmed the Board of Commissioners' decision to remove Petitioners from the Board of Tax Assessors.

The court found that the Board of Commissioners had not submitted evidence at the hearing sufficient to prove any of the counts against Petitioners. Nevertheless, the court found that, in their December 1 letter to the Board of Commissioners, Petitioners had acknowledged their failure to comply with OCGA § 48-5-302. Accordingly, the court concluded that the Board of Commissioners had cause to remove them. The court also concluded that although the procedures afforded to Petitioners were "minimal," additional safeguards "would not have saved Petitioners from the consequences of their own admissions."

Petitioners argue that, contrary to the superior court's finding, their December 1 letter did not admit any failure to comply with statutory duties. They also contend that they were denied due process.

1. When Petitioners were removed from the Board of Tax Assessors, OCGA § 48-5-295 (b) provided that a county governing authority could remove a member of the county's board of tax assessors "only for cause shown for the failure to perform the duties or meet the qualifications imposed upon him by law."[4] In *Kirton v. Biggers*,[5] we held that failure to comply with a statutory duty constituted "cause" for removal, regardless of the reasons for noncompliance.[6] We also noted that the county governing body has wide latitude in determining whether there is cause for removal:

> The board of commissioners, as the appointing authority of the board of tax assessors, necessarily has a certain discretion as to the level of performance which it is willing to tolerate. As long as no abuse of such discretion is shown, this court should not substitute its findings of fact or construc-

---

[3] *Pope v. Bd. of Commrs. of Fulton County*, 248 Ga. App. 201 (546 SE2d 333) (2001).

[4] OCGA § 48-5-295 (b) has since been amended to provide, among other things, that a member of the county board of tax assessors may not be removed during his term of appointment "until [he] has been afforded an opportunity for a hearing before the judge of the superior court of the county for recommendations by the judge of the superior court to the county governing authority regarding such removal."

[5] 135 Ga. App. 416 (218 SE2d 113) (1975).

[6] Id. at 419 (3).

tion of the evidence for that of the governmental body having appointing and removal powers.[7]

On appeal, we review the record to determine whether it supports the county governing authority's decision.[8] We will uphold the decision if there is any evidence to support it.[9]

The statute that Petitioners were charged with violating, OCGA § 48-5-302, provides as follows:

> Each county board of tax assessors shall complete its revision and assessment of the returns of taxpayers in its respective county by July 1 of each year, except that, in all counties providing for the collection and payment of ad valorem taxes in installments such date shall be June 1 of each year. The tax receiver or tax commissioner shall then immediately forward one copy of the completed digest to the commissioner for examination and approval.[10]

We agree with the superior court that Petitioners' letter to the Board of Commissioners essentially admitted their failure to comply with this statute. As Petitioners point out, one passage in their letter stated that "[t]he tax assessor is responsible for the timely revision and assessment of returns of Fulton County taxpayers, and those duties were timely completed and there is no evidence to the contrary." Other portions of the letter, however, contained at least tacit admissions that Petitioners did not complete their revisions and assessments by the statutory deadline.

For example, the letter stated that "[t]here is no way anyone could have had an approved digest prior to tax billing in early July [1998] with the 32,000 appeals that were filed. . . ." The letter also argued that OCGA § 48-5-302 imposes a "directory duty only," that Petitioners could not believe that the Board of Commissioners wanted them to complete hasty appraisals and rush through pending assessment appeals "just to meet a directory law," and that the Board of

---

[7] Id.

[8] *Swafford v. Dade County Bd. of Commrs.*, 266 Ga. 646, 648 (6) (469 SE2d 666) (1996), citing *Emory Univ. v. Levitas*, 260 Ga. 894, 898 (1) (401 SE2d 691) (1991).

[9] See *Emory Univ. v. Levitas*, 260 Ga. at 897.

[10] Before January 1, 1998, OCGA § 48-5-302 required the county board of tax assessors to complete its revision and assessment of returns "by June 1 of each year, except that, in counties having a population of not less than 81,300 nor more than 89,000 . . . , the county board of tax assessors shall complete its revision and assessment of the returns of taxpayers by April 15 of each year."

Commissioners "has never directed the Board of Assessors to meet the requirements of O.C.G.A. § 48-5-302." In addition, the letter stated:

> Taken in isolation, this law [OCGA § 48-5-302] would not appear to be much of a problem, but taken in the context of the entire system of laws, which make up the assessment administration system, this law is impossible. It is not simply a matter of too much work or not enough people. It is not a law that is merely difficult with which to comply; we perform difficult tasks all the time. It is not a matter that smarter people or better managers could comply. Within the current legal framework, *it is impossible to comply.*[11]

Finally, the letter claimed that "over the past ten years, no county in the state of Georgia has submitted a digest by June 1st. Fulton County was the last county to submit by June 1st in 1988." These implicit acknowledgments constitute "some evidence" that Petitioners failed to comply with OCGA § 48-5-302 and therefore establish cause for their removal.

Petitioners argue that the acknowledgments in the letter were alternative arguments that would become relevant only if the Board of Commissioners did not accept their primary argument that they had, in fact, met the statutory deadline. But the letter stated, among other things, that it was "impossible" to comply with OCGA § 48-5-302 and that no county, including Fulton, had done so since 1988. These sweeping avowals could not coexist with a claim that Petitioners had met the deadline.

Petitioners also argue that they did not have to comply with OCGA § 48-5-302 because the Supreme Court of Georgia has held in a series of cases that the statutory deadline is "directory only."[12] But those cases simply held that county boards of tax assessors are not "deprive[d] of power" or "impotent to perform their duties" after the deadline has passed.[13] The cases did not hold that the deadline is optional and may be disregarded at the tax assessors' discretion.[14] And in *Cashin v. Hardman,*[15] we ruled that tax assessors may be

---

[11] (Emphasis supplied.)

[12] See *Colvard v. Ridley*, 219 Ga. 361, 363-364 (1) (e) (133 SE2d 364) (1963); *Sauls v. Winters*, 215 Ga. 515, 517 (111 SE2d 41) (1959); *Garr v. E. W. Banks Co.*, 206 Ga. 831, 832 (5) (59 SE2d 400) (1950).

[13] *Garr*, supra.

[14] See *Allen v. Norris*, 148 Ga. App. 261, 263 (3) (251 SE2d 145) (1978).

[15] 223 Ga. App. 301 (477 SE2d 433) (1996).

removed for failing to comply with OCGA § 48-5-302, even though the deadline may be "directory."[16]

2. Petitioners also assert that the procedures used by the Board of Commissioners to remove them from office violated their due process rights. They claim that the Board of Commissioners submitted no competent evidence to support its charges, improperly shifted the burden to them to disprove the charges, and did not permit them adequate time to prepare or present a defense. The superior court did not decide these issues. It reasoned that, in light of Petitioners' implicit admission that they had not met the statutory deadline, no additional process would have changed the outcome.

We find no evidence that Petitioners were harmed by the procedures of which they complain. An appellant must show not only error, but also harm, to prevail on appeal.[17] Petitioners took advantage of their opportunity to present a defense to the Board of Commissioners: they submitted a detailed letter explaining that while they had failed to meet the statutory deadline, their noncompliance was excusable for various reasons, including interference by certain commissioners. That letter was placed into evidence at the hearing, and Petitioners were permitted to further develop their defense through their own testimony. Thus, the record indicates that the Board of Commissioners considered Petitioners' defense, but rejected it. Petitioners do not indicate what additional evidence, if any, they would have presented had they been afforded more time to prepare.[18] Accordingly, we find no reversible error.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 27, 2005.

*Owen, Gleaton, Egan, Jones & Sweeney, Timothy J. Sweeney, James P. Robertson, Jr., Melana Kopman, Gretchen M. Holt,* for appellants.

*Elarbee, Thompson, Sapp & Wilson, Richard R. Gignilliat, James J. Park, K. Prabhaker Reddy,* for appellee.

---

[16] Id. at 302-303 (1); see also *Kirton v. Biggers,* supra at 418 (2); *Allen v. Norris,* supra.

[17] *In the Interest of A. D. L.,* 253 Ga. App. 64, 66 (1) (557 SE2d 489) (2001).

[18] See *In the Interest of T. N. T.,* 258 Ga. App. 396, 399 (574 SE2d 444) (2002).