SHARON L. PRESTERA

v.

ROBERT Q. DENNY, JR.

No. 0044-84

Argued April 30, 1985

Decided October 15, 1985

COUNSEL

Earl E. Shaffer, for appellant.

Douglas S. Mackall, III (Amy E. Blanchard; Mackall, Mackall, Walker & Silver, on brief), for appellee.

OPINION

DUFF, J.—Sharon L. Prestera filed a petition pursuant to Code § 16.1-241(A)(3) seeking support for her minor child born out of wedlock. The narrow issue presented in this appeal is whether her petition was civil or criminal in nature. We conclude that it was civil.

Ms. Prestera's petition was filed in October 1983 in the juvenile and domestic relations district court (juvenile court) as a civil petition on Form DC-610, provided by the court, and denominated, "Petition for Support (Civil)" at the top and bottom of the page. The style of the case was "*Sharon Louise Prestera* v. *Robert Quinn Denny, Jr.*" Upon Ms. Prestera's motion, the court ordered Mr. Denny, over his objection, to submit to a blood grouping test. At the hearing, however, the court refused to admit in evidence the results of the blood grouping test, and the petition was dismissed. Ms. Prestera appealed to the circuit court. Her appeal was dismissed after the circuit court held that her petition for support was criminal in nature. Presumably, the circuit court's ruling was pursuant to Code § 20-68, which provides that only the person accused is afforded the right to appeal. This appeal followed.

The juvenile and domestic relations district court has jurisdiction to entertain a civil, as well as criminal, petition for the support of an illegitimate child. Code § 16.1-241(A)(3) gives that court exclusive original jurisdiction over all cases, matters, and proceedings involving the support of a child whose support is the

subject of controversy or requires determination.[1] The statute specifies that the court's jurisdiction in these cases is concurrent with and not exclusive of courts having equity jurisdiction.

The Virginia Supreme Court in *Jones* v. *Robinson*, ___ Va. ___, 329 S.E.2d 794 (1985) recognized in dicta the jurisdiction of the juvenile court to entertain support petitions that are civil in nature by stating that "[c]ivil appeals to the circuit courts conform to equity practice." Id. at ___, 329 S.E.2d at 799.

Nor are we able to adopt Mr. Denny's argument that Code § 20-68, limiting the right of appeal to "the person accused," supports the actions of the trial court. That section, in our judgment, applies where the petition is criminal in nature, not civil as here. To hold that the legislature intended to arbitrarily deny the right of appeal to one party in civil litigation would raise serious due process and equal protection issues that we are not required to address at this time.

In this case, the trial court erred in holding that Ms. Prestera's petition was criminal in nature and dismissing her appeal. Accordingly, the action taken by the trial court is reversed, and the case is remanded for further proceedings consistent herewith.

*Reversed and remanded.*

Barrow, J., and Coleman, J., concurred.

---

[1] In 1984, this code section was amended. The amended statute refers to any child "[w]ho is owed a duty of support under § 20-61." It must be noted that the 1984 amendment did *not* delete the provision that jurisdiction in such cases "shall be concurrent with and not exclusive of courts having equity jurisdiction."