## SHARON B. FLORENCE

### V.

## DOUGLAS ROBERTS

Record No. 841167

April 24, 1987

Present: Carrico, C.J., Cochran,* Poff, Compton, Stephenson, Russell, and Thomas, JJ.

---

* Justice Cochran participated in the hearing and decision of this case prior to the effective date of his retirement on April 20, 1987.

*James R. McKenry (Paul D. Fraim; Mary G. Commander; Heilig, McKenry & Fraim*, on briefs), for appellant.
*Samuel W. Meekings, Jr. (Wolcott, Rivers, Wheary, Basnight & Kelly, P.C.*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

The sole question in this appeal is whether a petitioner in a support proceeding brought on behalf of an illegitimate child has a right of appeal to a circuit court from an adverse paternity determination made in a juvenile and domestic relations district court.

In January 1983 Sharon Florence, petitioner below, filed a petition on a preprinted form designated "PETITION FOR SUPPORT (Civil)" against Douglas Roberts, defendant below, in the Juvenile and Domestic Relations District Court of the City of Norfolk. Florence alleged, *inter alia*, that Roberts had a legal duty to support his infant daughter, who was born out of wedlock, but had failed to support the child. Florence prayed that the court order Roberts to pay support for the child. Roberts denied paternity.

Following a hearing on the paternity issue, the district court held that the evidence failed to prove beyond a reasonable doubt that Roberts was the child's father, and Florence appealed the de-

cision to the circuit court. The circuit court dismissed the appeal, concluding that the proceeding was quasi-criminal and therefore only the defendant, Roberts, had a right of appeal. We granted Florence an appeal from the order of the circuit court.

At common law, a putative father was under no obligation to support his illegitimate child, and this rule prevailed in Virginia until it was modified by statute. *Brown* v. *Brown*, 183 Va. 353, 355, 32 S.E.2d 79, 80 (1944). The first statutory modification of the common-law rule occurred in 1952 when the General Assembly permitted proof of paternity but limited the evidence to a father's admission of paternity before a court. Acts 1952, c. 584 (codified as § 20-88.32, Code 1950). In 1954, the section was amended to allow use of a father's admission of paternity in writing under oath. Acts 1954, c. 577. As a result of further amendments from time to time, *see* Acts 1958, c. 372; Acts 1972, c. 713; Acts 1978, c. 647; Acts 1982, c. 307, the version of Code § 20-61.1 in effect when the present case was decided, provided in part as follows:[1]

> Whenever in proceedings hereafter under this chapter concerning a child whose parents are not married, a man admits before any court having jurisdiction to try and dispose of the same, that he is the father of the child or the court finds that the man has voluntarily admitted paternity in writing, under oath, or if it be shown by other evidence beyond reasonable doubt that he is the father of the child and that he should be responsible for the support of the child, the court may then enter and enforce judgment for the support, maintenance and education of such child as if the child were born in lawful wedlock.
>
> Such other evidence that the man is the father of the child shall be limited to evidence of the following:
>
> (1) That he cohabited openly with the mother during all of the ten months immediately prior to the time the child was born; or
>
> (2) That he gave consent to a physician or other person, not including the mother, charged with the responsibility of securing information for the preparation of a birth record

---

[1] Code § 20-61.1 has been amended since the trial of the present case. *See* Acts 1985, c. 5.

that his name be used as the father of the child upon the birth records of the child; or

(3) That he allowed by a general course of conduct the common use of his surname by the child; or

(4) That he claimed the child as his child on any statement, tax return or other document filed and signed by him with any local, state or federal government or any agency thereof; or

(5) Results of medically reliable genetic blood grouping tests, which tests may include the human leukocyte antigen (HLA) test.

■ Code § 20-61.1 applies to both civil and criminal proceedings. *Jones* v. *Robinson*, 229 Va. 276, 284, 329 S.E.2d 794, 800 (1985). The statute controls the adjudication of paternity issues in all criminal or civil cases involving a child of unwed parents. *Id.* at 284-85, 329 S.E.2d at 800.

■ Criminal support proceedings on behalf of legitimate or illegitimate children can be instituted under Code § 20-61, which provides that a parent who deserts or willfully fails to support his or her infant child is guilty of a misdemeanor and subject to punishment. Because Code § 20-61 is a criminal statute, however, only the Commonwealth can prosecute proceedings brought pursuant to its provisions. Consequently, Code § 20-61.1 becomes criminal in nature when employed in conjunction with a Code § 20-61 proceeding. *Jones*, 229 Va. at 284, 329 S.E.2d at 800. *See Distefano* v. *Commonwealth*, 201 Va. 23, 27-29, 109 S.E.2d 497, 500-01 (1959). "[Code § 20-61.1] in itself, however, is not criminal in that it provides no penalty or punishment." *Jones*, 229 Va. at 284, 329 S.E.2d at 800.

■ By its terms, Code § 20-61.1 also permits a court to enter and enforce a judgment of support on behalf of an illegitimate child. Thus, civil proceedings for the support of illegitimate children may be brought under the provisions of Code § 20-61.1. *Cf.* Code § 20-88.26:1 (incorporating by reference the requirements of § 20-61.1 into the civil enforcement provisions of the Revised Uniform Reciprocal Enforcement of Support Act). Code § 16.1-241, *et seq.*, provides the juvenile and domestic relations district courts the jurisdictional basis to entertain a civil support proceeding on behalf of an illegitimate child. *See Jones*, 229 Va. at 287-88, 329 S.E.2d at 802. When a party seeking a support judgment proceeds

only under the provisions of Code § 20-61.1, the proceeding is civil.

The standard of proof of paternity beyond a reasonable doubt imposed in Code § 20-61.1 applies to civil as well as criminal proceedings. *See Jones*, 229 Va. at 287, 329 S.E.2d at 800. The rigorous standard of proof of paternity protects the putative father against fraudulent claims, but does not render Code § 20-61.1 criminal or quasi-criminal in nature. *See Buckland v. Commonwealth*, 229 Va. 290, 293, 329 S.E.2d 803, 805 (1985). *See generally Jones*, 229 Va. at 287, 329 S.E.2d at 800.

Clearly, the present case involves a civil proceeding. Florence, not the Commonwealth, filed the petition. Indeed, as previously noted, the petition is labelled "Civil" and bears the notation "Va. Code Ann. §§ 16.1-241(A)(3)[2] and 16.1-279(F)."[3] The predicate for a support judgment on behalf of the child is a judicial determination beyond a reasonable doubt that Roberts is the child's father. Because a civil support proceeding brought pursuant to Code § 20-61.1, standing alone, cannot subject Roberts to a criminal conviction or criminal sanctions, he has not been put in jeopardy.

In addition to ruling that the support proceeding was quasi-criminal, the trial court seized upon Code § 20-68 and held that only Roberts had a right of appeal to circuit court. Code § 20-68 provides as follows:

> The *person accused* shall have the same right of appeal as provided by law in other similar cases; provided that any order of court requiring support of a spouse or children shall remain in full force and effect until reversed or modified by judgment of a superior court, and in the interim the order shall be enforceable by the court entering it and the court may punish for violation of the order as for contempt. After the *judgment of conviction* and entry of order of support from which no appeal is taken the hearing in the appellate

---

[2] Code § 16.1-241(A)(3) provides that a juvenile and domestic relations district court has jurisdiction "over all cases, matters and proceedings involving" the support of a child "[w]hose . . . support is a subject of controversy or requires determination."

[3] Code § 16.1-279(F) provides:

In cases involving the . . . support of a child pursuant to subsection A 3 of § 16.1-241, the court may make any order of disposition to protect the welfare of the child and family as may be made by the circuit court.

court on an appeal from any subsequent order, modification or amendment shall be restricted to the particular matter or order appealed from.

(Emphasis added.) By its terms, Code § 20-68 applies only to criminal proceedings brought under Chapter 5 of Title 20. The section is limited to the "person accused," a criminal defendant. The appeal authorized by Code § 20-68 is from a "judgment of conviction," a criminal judgment.

Thus, Code § 20-68 has no application to the civil proceeding involved in the present case. In civil support proceedings on behalf of legitimate or illegitimate children, either party to the proceeding has a right of appeal to a circuit court from an adverse ruling in a juvenile and domestic relations district court. *See* Code § 16.1-296 (civil appeals to circuit courts shall conform to equity practice); *see also Jones*, 229 Va. at 283, 329 S.E.2d at 799.

We hold, therefore, that because Florence had a right of appeal to the circuit court, the trial court erred in dismissing her appeal. *Accord Prestera* v. *Denny*, 1 Va. App. 103, 336 S.E.2d 169 (1985). Accordingly, the judgment of the trial court will be reversed and the case remanded for a proceeding as provided by Code § 20-61.1.

*Reversed and remanded.*