## CIRCUIT COURT OF WASHINGTON COUNTY

Commonwealth of Virginia,
Department of Social Services, etc.

v.

Tommy Ray Dyson

August 1, 1988

By JUDGE CHARLES H. SMITH, JR.

I have reviewed the file in this matter including pleadings, exhibits, etc. and have considered all of same in light of the authorities cited by counsel and arguments made in support thereof on July 21, 1988. In consideration of all of which the court finds as follows.

This matter was initiated in the Washington County Juvenile and Domestic Relations District Court on November 13, 1985, on a petition styled "Petition for Support (Civil)." The petition requested that the court establish the paternity of and a support order for a child, Gwendolyn Dawn Dyson, born to Glenna Mae Hogson on May 26, 1975, out of wedlock. The petitioner named the defendant herein, Tommy Ray Dyson, as the putative father. The juvenile court initially dismissed the petition for lack of evidence and the Commonwealth appealed. This court then entered an order requiring the parties and the child to submit to genetic blood testing to determine probability of paternity. After much delay, the testing was finally completed and the results thereof were filed in this court on January 22, 1988. The report of the test results from Roche Biomedical Laboratories shows the probability of paternity to be 99.03%. The matter is now mature for a hearing in this court to determine paternity. The defendant has made requests for a trial by jury and the petitioner has request-

ed a bench trial asserting that there is no right to trial by jury in such cases.

In a civil proceeding to determine paternity and support of a minor child, does the putative father have a right to a jury trial?

In order to decide this issue the court must first determine: (1) whether these proceedings are criminal or civil in nature; (2) whether there was any right to trial by jury in such cases at common law and, if not, (3) whether same is now provided by statute. The statute under which this matter was initially brought is § 20-61.1 of the Code. That statute was repealed by the 1988 session of the General Assembly and recodified as Chapter 3.1 of Title 20. (Section 20-49.1 *et seq.*) If there was any ambiguity arising from the language of that Code section as to whether or not these matters were criminal or civil in nature, it has now been completely erased by these amendments. Section 20-49.4 sets the standard of proof in these cases as being by "clear and convincing evidence," clearly a civil standard, and § 20-49.7 specifically states that these actions are civil in nature. Prior to these amendments, obviously, the issue was not quite so clear since the statute required proof "beyond a reasonable doubt" and was equally applicable to criminal support proceedings instituted under § 20-61. However, both the Supreme Court and the Court of Appeals have held that Section 20-61.1 controlled the adjudication of paternity issues in all criminal or civil cases involving a child of unwed parents and became criminal in nature only when employed in conjunction with a Code § 20-61 proceeding. In the case of *Florence v. Roberts*, 233 Va. 297 (1987), the Supreme Court stated:

> Code § 20-61.1 applies to both civil and criminal proceedings . . . .
> Criminal support proceedings on behalf of legitimate or illegitimate children can be instituted under Code § 20-61, which provides that a parent who deserts or willfully fails to support his or her infant child is guilty of a misdemeanor and subject to punishment . . . .
> By its terms, Code § 20-61.1 also permits a court to enter and enforce a judgment of support

on behalf of an illegitimate child. Thus, civil proceedings for the support of illegitimate children may be brought under the provisions of Code § 20-61.1 .... Code § 16.1-241, *et seq.*, provides the juvenile and domestic relations district courts the jurisdictional basis to entertain a civil support proceeding on behalf of an illegitimate child. When a party seeking a support judgment proceeds only under the provisions of Code § 20-61.1, the proceeding is civil. (*Also see Jones v. Robinson,* 229 Va. 276 (1985); *Distefano v. Commonwealth,* 201 Va. 23 (1959); *Prestera v. Denny,* 1 Va. App. 103 (1985).

I believe it is abundantly clear that the instant proceeding, commenced under the provisions of § 16.1-241, seeking only the establishment of paternity and an order of support is civil in nature. Had it been commenced under the provisions of § 20-61, which subjects a defendant to fine and imprisonment, he certainly would be entitled to trial by jury and this inquiry would go no further. (Article 1, § 8, of the Virginia Constitution, and Sixth Amendment of the U. S. Constitution).

The defendant might still be entitled to trial by jury if he had such right at common law. The Constitution of Virginia, Article 1, § 11, creates a constitutional right to a jury trial only in those civil cases that had such a right at common law prior to the adoption of the Constitution. *Bowman v. Virginia State Entomologist,* 128 Va. 351 (1920); *Stanardsville Volunteer Fire Company v. Berry,* 229 Va. 578 (1985). At common law, the putative father was under no obligation to support or contribute to the support of his illegitimate child. *Brown v. Brown,* 183 Va. 353 (1944). No distinction was made between a reputed father and an admitted father. Thus, in Virginia, as enunciated in *Brown, supra,* there was no duty to support an illegitimate child under the common law and, absent statutory authority, no action could be maintained against the putative father. Virginia has, of course, enacted legislation, in derogation of the common law, requiring support of illegitimate children by their putative fathers. However, in tracing the history of this legislation,

nowhere do we find any statutorily created right to trial by jury in such cases. Those jurisdictions which have recognized the putative father's right to a jury trial in paternity proceedings have done so on the basis of statutes which clearly establish that right. (51 A.L.R.4th 581) Our General Assembly has not yet seen fit to do so and this court will not do so by judicial legislation.

Nevertheless, the defendant might still be entitled to a trial by jury by virtue of the statutory scheme under which this case was appealed. The Code section under which it was appealed, 16.1-296, provides in part as follows:

> From any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken . . . .
>
> In all other cases on appeal, proceedings in the circuit court shall conform to the equity practice where evidence is heard *ore tenus*; however, an issue out of chancery may be allowed, in the discretion of the judge, upon the motion of any party . . . .

While there are many provisions in that Code section for appeals in the various types of cases, this would appear to be the one applicable to this type of case. Thus, it would appear that the defendant may be entitled to a trial by jury on an issue out of chancery. Generally, in equity practice there is no right to trial by jury except in specific circumstances. Section 8.01-336(E) provides that a jury trial may be requested by motion of either party, supported by affidavit. The issue may be directed for jury trial if the case will be rendered doubtful by the conflicting evidence of the parties. However, more than just contradictory evidence is required and the affidavit must show the reason for such direction and call in question the exercise of the sound discretion of the court. *Southgate v. Sanford and Brooks Company*, 147 Va. 554 (1927); *Eastern Finance Company v. Gordon*, 179 Va. 674 (1942). Obviously, the issue as to whether or not to direct an issue out of chancery in this case is moot at this point since no affidavit has been filed

by the defendant, so the court will decline to rule on the propriety of same at this time.

The defendant places great reliance on the cases of *James W. Cassady v. Iris H. Martin, Administratrix, etc.,* 220 Va. 1093 (1980), and *Jack Hilton Walker, Sr., et ux. v. Department of Public Welfare of Page County,* 223 Va. 557 (1982). I believe those cases are clearly distinguishable from the one at bar. The *Martin* case involved an action for wrongful death brought under Code Section 8.01-50 in which the issue of paternity of one of the statutory beneficiaries was raised. The trial court ruled on the issue of paternity as a matter of law. The Supreme Court reversed stating that the issue of paternity was one for resolution by the jury. It is undisputed that *Martin* is a type of case that can be tried to a jury. In *Martin* there were several issues to be resolved by the fact-finder, the issue of paternity being just one. The paternity issue was not being decided according to Code Section 20-61.1, and the evidence necessary to prove paternity was less exacting. This is certainly in keeping with the Virginia Supreme Court cases that have held that Section 20-61.1 is limited to cases involving the support of a child of a meretricious union between a man and a woman. (*See Brown v. Commonwealth,* 218 Va. 40 (1977), holding that proof of paternity of a child of a void bigamous marriage is not restricted by § 20-61.1; *Allstate Messenger Service v. James,* 220 Va. 910 (1980), holding that § 20-61.1 is not applicable in actions brought under the Workers' Compensation Act; and *McClaugherty v. McClaugherty,* 180 Va. 51 (1942), holding that a child of a common-law marriage may enforce a father's support obligation apart from desertion and non-support proceedings.) The *Walker* case involved an appeal from the juvenile court from an order terminating parental rights. Such cases are, of course, civil in nature requiring proof by clear and convincing evidence in order to terminate parental rights. On the hearing on the appeal, the trial court had shifted the burden of proof to the parents to show a change in circumstances. The Supreme Court reversed stating that this was error, that the parents should have been granted a trial *de novo* in the circuit court. The court recognizes that *Walker* contains a footnote stating that § 16.1-136 is the only vehicle for an appeal

from the juvenile court to the circuit court and that that Code section does contain language regarding jury trials. However, I believe that language relates to criminal, rather than civil proceedings and is a right that attaches to an "accused." There was no "accused" in *Walker* and there is no "accused," in that sense of the word, in the case at bar.

For the foregoing reasons it is my opinion that there is no constitutional nor statutory right to trial by jury in a paternity proceeding such as this and that same exists, if at all, only if the court directs an issue out of chancery.