## CIRCUIT COURT OF HENRICO COUNTY

Sheila Walters

v.

James W. Cheagle

September 30, 1988

Case No. A2408J

By JUDGE JOSEPH F. SPINELLA

The petitioner in this case filed a petition in the Juvenile and Domestic Relations District Court of the City of Richmond on March 31, 1977, in which she alleged that the defendant did unlawfully without just cause willfully neglect and refuse and fail to provide adequately for the support of his/her child, Cesare Walters, who was born on December 27, 1973. The prayer of the petition requests that proper process be issued; that the Court make proper and necessary inquiries and enter such judgment or orders as to the Court may seem meet, etc.

While the record in that Court does not show a written response to the petition, the parties agree that the issue was the paternity of the child since the petitioner and the defendant were never married. Judge Douglas heard the case and dismissed the petition on May 16, 1977, and he stated in his decision that paternity was denied and that evidence had been heard. An appeal was noted at the time. Later that day, the Court advised the parties by letter that the case was a quasi-criminal matter and could not be appealed by the petitioner and that the parties could explore the matter in the appropriate Circuit Court. The petitioner took no further action, and the order of the Juvenile and Domestic Relations District Court became final.

Nothing further occurred until April 30, 1987, when the petitioner filed a second Petition in the Juvenile and Domestic Relations District Court of Henrico County. That petition alleged that the defendant was the father of her child and that the parties never married and that the defendant had failed to provide support and maintenance for the child. The petition prayed that process be issued and that the Court make a finding that the defendant is the father of the child and that he be required to furnish support for the child in the amount of $300 to $400 per month. The defendant filed a motion to dismiss in response to the petition on the grounds that the action was formerly adjudicated and/or collaterally estopped. Briefs were filed and the case was heard by the Juvenile and Domestic Relations District Court, and the Court sustained the motion to dismiss. An appeal was then taken to this Court.

This Court proceeded to receive evidence on the motion to dismiss and heard oral arguments, and the parties have filed briefs on the motion to dismiss, and the Court heard further arguments of counsel on September 30, 1988, all of which the Court has considered.

The Court is of the opinion that the issue of paternity was presented in full to the Juvenile and Domestic relations District Court of the City of Richmond in 1977. Both the petitioner and the defendant were represented by counsel of their own choosing, and each party had full opportunity to present their case. The Commonwealth's Attorney was not involved in the case, and the petitioner was represented by Mr. Nochta, who no doubt was privately retained. The Court finds no difference in the petition filed in 1977 and the petition filed in 1987. The allegation of paternity is the same now as it was then. The determination of that issue was not a criminal matter, and even if the Richmond Court had found the defendant to be the father, it could only order the defendant to pay future support for the child. No criminal sanction could have been imposed in that hearing. It would not become a criminal matter until the defendant failed or refused to pay. At that point, the defendant could have been found guilty of contempt of court or could have been served with a criminal warrant under § 20-61 of the Code of Virginia for desertion and non-support. The petitioner, then as now had a right to

appeal the issue of paternity to the Circuit Court and thereafter to the Supreme Court.

The provisions of § 20-61 could not take effect unless the petitioner could prove that the defendant was the parent of the child and that the parent deserted or willfully neglected or refused or failed to support the child. Section 20-61 is a criminal section which declares that where a parent deserts a child or willfully neglects or refuses to support a child who is in necessitous circumstances, he is guilty of a misdemeanor. The magistrate could issue a warrant for the arrest of the parent, and upon execution of the warrant, the defendant would be arrested and brought to trial. In the issuance of such a warrant, the Commonwealth would be the complainant.

Section 20-61.1 of the Code dealt directly with the support of a child of unwed parents by the father and outlined the procedure. This section did not contain any criminal sanction whatsoever. If the Court determined that the defendant was the father, it could then proceed to hear evidence as to future support and enter an order for support of the child. This proceeding would be instituted by petition instead of a warrant and would be brought in the name of the Commonwealth at the relation of the petitioner. The defendant would receive a summons to court and would not be arrested. Any petition brought under Section 20-61.1 is civil and not criminal. *See Florence v. Roberts*, 233 Va. 297 (1987).

Both the 1977 proceeding and this proceeding were instituted by petition and not by the issuance of a criminal warrant for a misdemeanor.

The former judgment by the Juvenile and Domestic Relations Court became a final order. Although the petitioner noted an appeal within ten days when the letter from Judge Douglas was received, she took no further action, and in effect, she abandoned her appeal which then became final.

The statute in effect in 1977 dealing with paternity was later declared to be unconstitutional. The question was raised as to the effect this action had upon the 1977 hearing. Under *Jones v. Robertson*, 229 Va. 276 (1985), the Court held that the effect of declaring the statute unconstitutional was to change the standard of proof from beyond a reasonable doubt to a preponderance of the evi-

dence. The Court finds that even if the Juvenile and Domestic Relations Court applied the wrong standards of proof to the case, the failure of the petitioner to pursue the appeal resulted in the judgment of the Juvenile and Domestic Relations Court becoming a final judgment which cannot now be relitigated.

The Court holds that the issue of paternity is res adjudicata, and the petition before the Court is dismissed.