CULPEPPER, Judge.
This is a workmen’s compensation case. The plaintiff, Affiliated Foods, Inc., was the employer of Francis L. Blanchard at the time of his work-connected death. Conceding liability to any dependents, Affiliated’s insurer deposited the weekly payments in the registry of the court and named as defendant-claimants to the benefits the father, the mother, the wife and the posthumous child of the deceased. But the insurer denied that any of these *540 defendants were entitled to compensation benefits.
At the trial, the facts showed clearly, and the trial judge held, that the wife was not living with the decedent at the time of his death. Hence, she was not conclusively presumed to be a dependent under LSA-R.S. 23:1251. Both parents and the wife had the burden to prove “actual dependency in whole or in part” upon the deceased at the time of his accident and death, LSA-R.S. 23:1252. The trial judge held that these defendants did not prove actual dependency. Judgment was rendered rejecting the demands of all claimants, including the posthumous child, and ordering the return of the funds on deposit to the insurer.
Neither the parents nor the wife individually appealed, and hence the judgment is now final as to them. The only appeal is by the wife on behalf of the posthumous child, Chad Joseph Blanchard.
The evidence shows that the decedent and his surviving wife were married in 1966. In December of 1968, he filed a suit against her for divorce on the grounds of adultery. Judgment was never rendered in that case. In January of 1970, she filed a suit against him for divorce on the grounds of two years separation. That suit also was never concluded. The evidence shows they did not live together after 1968, although they saw each other occasionally. She lived with her parents, and was living there at the time of her husband’s death on February 3, 1970. The posthumous child was born on September 16, 1970, a little over 7 months after his father’s death. The child is presumed to be the legitimate issue of the decedent.
The first issue is factual. Did the mother of the posthumous child prove “actual dependency in whole or in part” at the time of the accident and death? She was living with her father and mother who testified that they took care of all of their daughter’s needs, as well as the child’s needs after its birth. The wife also concedes that she was living with her father and mother, and although she was not working, they supported her. The only evidence to show her dependency on the decedent is testimony by the wife and her mother that occasionally the decedent gave his wife $10 or $20 cash. The district judge evaluated this testimony and found as a fact that the wife did not prove actual dependency in whole or in part. We find no manifest error in this conclusion.
 Appellant contends next that regardless of whether the mother can prove her dependency, the posthumous child is entitled to benefits. Appellant cites LSA-R.S. 23:1021(3) which defines “children” as including “posthumous children”. Undoubtedly, a posthumous child is entitled to benefits in the same manner as a living child. If it had been proved in this case that the mother of the posthumous child was a dependent, then the child would be entitled to benefits.
But appellant argues that a posthumous child should be accorded greater rights than a living child, i. e., he should not be required to prove actual dependency. The rationale of the argument is that the father had a legal and moral obligation to support this unborn child, and the law should presume that if he had lived he would have fulfilled this obligation. No case is cited which has considered this argument.
LSA-R.S. 23:1251(3) provides that a child under the age of 18 years is conclusively presumed to be dependent upon a “parent with whom he is living at the time of the injury of the parent.” And LSA-R.S. 23:1021(3) defines “children” as including “posthumous children”. If a living child is not living with the parent at the time of the parent’s injury, then he must prove actual dependency, under LSA-R.S. 23:1252. There is no express provision in the statute which treats posthumous children different than living children. In our view, the intent and purpose of the *541 statute is that they have the same burden to prove actual dependency. A posthumous child must prove that the mother who was carrying him was actually dependent at the time of the accident and death.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the appellant.
Affirmed.