Richmond

## ALLSTATE MESSENGER SERVICE AND TRAVELERS INSURANCE COMPANY

v.

## BRIAN DONNELL JAMES, AN INFANT, ETC.

April 18, 1980.

Record No. 790736.

Present: All the Justices.

*John O. Easton (Carr, Jordan, Coyne & Savits,* on brief), for appellants.

*Robert E. Wright* for appellee.

PER CURIAM.

The sole issue on this appeal is whether the evidence was sufficient to support a finding by the Industrial Commission that a claimant of death benefits under the Workmen's Compensation Act was the child of the deceased employee.

Larry Williams, an employee of Allstate Messenger Service, was killed in an accident compensable under the Act. Purporting to be decedent's son, Brian Donnell James, an infant suing by his mother, Velma James, filed a claim for death benefits against Allstate and its insurer, Travelers Insurance Company. Decedent's mother withdrew her claim in favor of the infant's claim. The Deputy Commissioner denied Brian's claim on the ground that the evidence was insufficient to prove that he was the decedent's son. On review, the full Commission, with one Commissioner dissenting, reversed and entered an award for the infant.

No documentary evidence of paternity was introduced. As noted in the Commission's opinion, testimonial evidence showed that the decedent and the child's mother had never been married but had been " 'going together' during the period of the child's conception, birth and for some time thereafter"; that "the deceased brought the infant to his own mother's home"; that "he bought the infant things that he needed"; and that "the infant's facial features resemble those of the deceased." The decedent's mother testified that the decedent told her "that Brian was his. And I can see it." The child's maternal grandmother said that the decedent "told me he was the father of the child". The infant's mother stated that the decedent "told his mother, his family, and friends" that Brian was his son and that he provided support for the child "[w]henever he could." There was no evidence contradicting this testimony.

█ Code § 65.1-66 provides that "an acknowledged illegitimate child" is one of the "persons . . . conclusively presumed to be dependents wholly dependent for support upon the deceased employee"; such a person is entitled to death benefits under the Workmen's Compensation Act, Code § 65.1-65. Except for the requirement of acknowledgement by the decedent, the Act prescribes no test for determining paternity. Allstate and Travelers urge us to apply the evidentiary standards defined in Code § 20-61.1. Headlined "Support of children of unwed parents by father; evidence of paternity", that

section provides that, before a court may order such support, there must be an admission of paternity in open court, an admission of paternity in writing under oath, or evidence of certain other conduct establishing paternity beyond a reasonable doubt.

"We do not agree that Code § 20-61.1 is applicable . . . or that this section provides the only means by which paternity can be established." *Brown* v. *Commonwealth,* 218 Va. 40, 43, 235 S.E.2d 325, 328 (1977). Subject to constitutional constraints, *see generally Lalli* v. *Lalli,* 439 U.S. 259 (1978); *Weber* v. *Aetna Casualty & Surety Co.,* 406 U.S. 164 (1972), the legal status of illegitimate children is properly a matter of legislative prerogative. When, as a public policy determination, the General Assembly decides to prescribe special evidentiary standards for proof of paternity, it knows how to do so. It did so when it enacted Code § 20-61.1. It did so again when it transported the provisions of that section into Code § 64.1-5.2 governing descent and distribution. Acts 1978, c. 647. It could have done the same for purposes of the Workmen's Compensation Act. It did not. For us to do so would be to rewrite Code § 65.1-66. Declining the invitation to invade the legislative domain, we hold that the evidentiary requirements of Code § 20-61.1 do not apply to the Workmen's Compensation Act.*

 The Act requires a claimant who purports to be an illegitimate child of an employee who has suffered a compensable accident to prove the employee's acknowledgement of paternity. Whether there has been such an acknowledgement is a question of fact. Here, three witnesses testified that the decedent acknowledged Brian as his son. Their testimony was uncontradicted, and we cannot say it was incredible. We have long held that, upon review of the Commission's decision, "when there is no conflict of evidence, then, if there be any [credible] evidence to support the findings of fact, such findings are conclusive and binding." *National Surety Co.* v. *Rountree,* 152 Va. 150, 159, 147 S.E. 537, 539 (1929).

The Commission's award will be affirmed.

*Affirmed.*

---

* Manifestly, the legislative purpose of the evidentiary standards in the child support and inheritance statutes is to minimize the risk of fraudulent paternity claims. We recognize a similar risk in filings under the Workmen's Compensation Act. "But a person who claims to be a decedent's child has the burden of proving that the decedent was his parent. We should not assume that finders of fact will not intelligently and justly resolve issues of paternity based upon the evidence before them and guided by the law." *Carroll* v. *Sneed,* 211 Va. 640, 643, 179 S.E.2d 620, 622 (1971).