**Norfolk**

BIRDSONG PEANUT COMPANY

v.

LLOYD RANDOLPH COWLING

No. 0709-88-1

Decided June 6, 1989

COUNSEL

F. E. Clark (Parker and Clark, on brief), for appellant.

B. Mayes Marks, Jr. (C. Hardaway Marks, Jr.; Marks and Harrison, on brief), for appellee.

OPINION

**BARROW, J.**—This is an appeal from an Industrial Commission award for the benefit of an illegitimate child born three days after the putative father's death. The father's employer, arguing that a putative father's pre-birth acknowledgement of an illegitimate child may not establish dependency under Code § 65.1-66(3),

contends that the commission erred in awarding benefits for the child. The employer also contends that, since the deputy commissioner found the child's mother unworthy of belief, the commission wrongly found that the evidence was sufficient to establish parentage and acknowledgement of the child. We conclude that a putative father's pre-birth acknowledgement of an illegitimate child may establish a child's dependency for purposes of awarding workers' compensation benefits. We further conclude that credible evidence supports the commission's finding that the worker acknowledged the child as his own prior to the worker's death and prior to the child's birth, thus establishing dependency under Code § 65.1-66(3).

The worker was killed in a compensable accident while working for the employer. The worker was twenty-four years of age and unmarried. The child whose dependency is at issue was born three days after his death. The child's mother asserted a claim on behalf of the child but the deputy commissioner denied the claim on the ground that the evidence did not establish that the worker was the child's father. The full commission disagreed, reversed the deputy commissioner and made an award on the child's behalf.[1]

A child under the age of eighteen is conclusively presumed to be wholly dependent upon a parent for purposes of an award of compensation. Code § 65.1-66(3). Such a "child" includes "a posthumous child," and "an acknowledged illegitimate child." Code § 65.1-66. The only test for paternity under the Workers' Compensation Act is "the requirement of acknowledgement by the decedent." *Allstate Messenger Service v. James*, 220 Va. 910, 911, 266 S.E.2d 86, 87 (1980).

This statutory language is clear and unambiguous. A "child" as described in the statute includes both "a posthumous child" and an "acknowledged illegitimate child." The child in this case is both a posthumous child and an acknowledged illegitimate child. The legislature did not express an intention to exclude a child that fell into both categories; instead, the terms are mutually inclusive.

---

[1] The worker's mother also asserted a claim on her own behalf, alleging that she was a parent in destitute circumstances. A parent in such circumstances may be conclusively presumed to be dependent upon the deceased employee for support if there is no other total dependent. Code § 65.1-66(4). The deputy commissioner denied the claim of the worker's mother on the ground that she was not desitute, and the full commission affirmed this finding. The worker's mother did not appeal.

█ Since the words of the statute are clear and unambiguous, judicial construction is not necessary. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). The general rules of statutory construction do not apply, and we may not "resort to legislative history and extrinsic facts" to interpret words whose meaning is clear. *Id.* We must "take the words as written" and give them their plain meaning. *Id.*

█ An interpretation of the statute that would exclude an illegitimate child would violate the equal protection clause of the United States Constitution. *See Weber v. Aetna Casualty & Surety Co.*, 406 U.S. 164, 165 (1972). Under a state workers' compensation act, a posthumous, illegitimate child may not be denied benefits which a legitimate child would receive. *Id.* Since the Virginia Workers' Compensation Act provides benefits for a posthumous child, this provision must be construed to include a posthumous, illegitimate child; to rule otherwise would violate the equal protection clause of the fourteenth amendment.

Most jurisdictions have held that the terms "posthumous child" or "posthumous children" described as a dependent class in workers' compensation laws include posthumous, illegitimate children. *S.L.W. v. Workmen's Compensation Bd.*, 490 P.2d 42, 46 (Alaska 1971); *Ezell-Titterton, Inc. v. A.K.F.*, 234 So. 2d 360, 365 (Fla. 1970); *Patterson v. Liberty Mutual Ins. Co.*, 110 Ga. App. 23, ___, 137 S.E.2d 549, 550 (1964); *American Mutual Liability Co. v. Hogan*, 91 Ga. App. 891, ___, 87 S.E.2d 661, 664 (1955); *Hooley v. Hooley*, 141 Ind. App. 101, 105, 226 N.E.2d 344, 346 (1967); *Green v. Burch*, 164 Kan. 348, ___, 189 P.2d 892, 898 (1948); *Morgan v. Susino Construction Co.*, 130 N.J.L. 418, ___, 33 A.2d 607, 609 (1943); *Kluss v. Levene's Son, Inc.*, 55 N.Y.S.2d 108, 109, 269 A.D. 801, 802 (1946); *Westinghouse Elec. Corp. v. Workmen's Compensation Appeal Bd.*, 39 Pa. Cmwlth. 42, ___, 394 A.2d 1071, 1073 (1978); *Brown v. Workmen's Compensation Appeal Bd.*, 20 Pa. Cmwlth. 330, 342, 342 A.2d 134, 136 (1975); *Shelley v. Central Woodwork, Inc.*, 207 Tenn. 411, ___, 340 S.W.2d 896, 898 (Tenn. 1960). The few contrary decisions are not persuasive. *See Williams v. American Employers Ins. Co.*, 237 La. 101, 105-06, 110 So. 2d 541, 543 (1959); *Affiliated Foods, Inc. v. Blanchard*, 266 So. 2d 539, 540 (La. App. 1972); *Larson v. Dept. of Ind., Labor & Human Rel.*, 76 Wisc.2d 595, ___, 252 N.W.2d 33, 46 (1977).

■ We hold that the term "posthumous child" referred to in Code § 65.1-66 includes an illegitimate, posthumous child. Therefore, the Industrial Commission did not err in its interpretation of the application of this provision of the Workers' Compensation Act.

■ Next, we address the commission's finding that the putative father had acknowledged the child even though the deputy commissioner had found the mother's testimony not credible. The employer directs us to the opinion of this Court that the Industrial Commission may not arbitrarily disregard "a specific, recorded observation of a key witness' demeanor or appearance in relation to credibility." *Goodyear Tire & Rubber Co. v. Pierce*, 5 Va. App. 374, 382, 363 S.E.2d 433, 437 (1987). This does not mean, however, that a deputy commissioner's finding regarding credibility necessarily binds the commission. *Id.* It means, instead, that the record must reflect a basis for a reversal of a deputy commissioner's decision that is consistent with the deputy commissioner's credibility finding. *Id.* at 383, 363 S.E.2d at 438.

In this case, the commission's opinion reversing the deputy commissioner is consistent with the deputy commissioner's finding that the testimony of the child's mother was not worthy of belief. The commission expressly accepted the deputy commissioner's finding that the child's mother was not credible but concluded that the remaining evidence sufficiently established that the father acknowledged the unborn child as his own and that the only evidence tending to rebut this was not sufficiently persuasive to do so.

The deputy commissioner found that the child's mother's testimony was "not credible, based upon observations of her appearance and demeanor and . . . findings that she gave false testimony about the decedent's residence prior to his death, and about the exclusivity of her sexual activity with the decedent." The child's mother testified that the decedent lived with her intermittently at her mother's home for approximately one year and, following that, for approximately fourteen months in her own residence prior to his death. She testified that he was the child's natural father and that he had openly acknowledged his paternity of the child. The full commission relied on the deputy commissioner's findings of credibility regarding the child's mother and disregarded her testimony in determining whether the deceased worker had acknowledged the child as his own.

Five other witnesses testified that the deceased worker cohabited with the child's mother during the time the child was conceived and that he had acknowledged the unborn child as his own. Three of the witnesses, the deceased worker's mother and her two daughters, were considered adverse to the claim on behalf of the child since an award for the child would have precluded an award to the deceased worker's mother. Nevertheless, these witnesses confirmed that the deceased worker cohabited with the child's mother, and they acknowledged conduct expressing their own familial interest in the child following his birth. The two other witnesses, friends of the child's mother, also testified that the deceased worker had lived with the child's mother during the time the child was conceived and had acknowledged his paternity.

The rebuttal evidence consisted of two men who testified that they had engaged in sexual relations with the child's mother during the time of conception, although the child's mother denied this. The commission concluded that, even if their testimony were accepted, it established only "the possibility that two other men had access to [the child's mother] during the time the infant claimant was conceived . . . ." It further reasoned that this only raised a possibility that the deceased worker and the other five witnesses may have been mistaken as to the actual paternity and that this possibility "standing alone" was insufficient to justify denial of the claim.

■ Therefore, even when the testimony of the child's mother is disregarded, there is credible evidence to support the commission's finding that the deceased worker acknowledged the unborn child as his own. Under our standard of review these factual findings are conclusive and binding on this Court. Code § 65.1-98; *Goodyear Tire & Rubber Co. v. Watson*, 219 Va. 830, 833, 252 S.E.2d 310, 312 (1979); *Russell Loungewear v. Gray*, 2 Va. App. 90, 92, 341 S.E.2d 824, 825 (1986). Furthermore, the probative weight the commission gave the conflicting testimony is similarly within its province and not subject to our review. *Pilot Freight Carriers, Inc. v. Marvin*, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986). Therefore, the commission's factual finding did not conflict with the deputy commissioner's view of the testimony of the child's mother.

In summary, we hold that an illegitimate, posthumous child is a dependent under Code § 65.1-66(3) who is entitled to benefits.

Furthermore, the commission's decision awarding compensation was not inconsistent with the deputy commissioner's finding that the child's mother was not credible; therefore, the commission did not arbitrarily disregard the deputy's finding. For these reasons, we affirm the commission's award.

*Affirmed.*

Baker, J., and Cole, J., concurred.