### Alexandria

## FAIRFAX SURGICAL CENTER, INC.

v.

## STATE HEALTH COMMISSIONER

No. 0388-90-4

Decided June 4, 1991

COUNSEL

Thomas W. McCandlish (Steven D. Gravely; Julie P. Schrank; Mezzullo & McCandlish, on briefs), for appellant.

Carol S. Nance, Assistant Attorney General (Mary Sue Terry, Attorney General; Roger L. Chaffee, Senior Assistant Attorney General, on brief), for appellee.

OPINION

MOON, J.—Fairfax Surgical Center (FSC) appeals the decision of the Circuit Court of Arlington County upholding the State Health Commissioner's (Commissioner) determination that FSC must obtain a certificate of public need (COPN) before constructing an additional outpatient operating room. The issue on appeal is whether the addition of an operating room to the outpatient facility constitutes a significant change under the COPN statutes. Under the circumstances of this case, we find that the addition of an operating room does not fall within the statutory definition of a project subject to significant change review and we reverse.

FSC is a freestanding ambulatory surgery center in the City of Fairfax and has four outpatient operating rooms. In 1975, FSC received its initial certificate of public need to establish an outpatient facility with four operating rooms. This project began operation in 1978. In May 1987, FSC wrote to a staff member of the Department of Health stating its intention to construct an additional operating room and requesting that the department advise them whether the addition would be reviewable under COPN law and, if so, whether a certificate of public need would be necessary. The staff member responded by letter and indicated that construction of a new operating room by FSC would constitute a "significant change to your originally authorized project." FSC asked the Commission to review this decision. The Commissioner affirmed the staff decision, concluding that the addition of an operating

room to the existing facility constituted a "significant change."

A significant change is defined as "any alteration, modification, or adjustment to a *project* for which a certificate of public need has been issued or requested which: . . . changes the number or type of beds; or . . . extends the schedule for completion of the project." *See* Rules and Regulations of the Board of Health, Commonwealth of Virginia: Virginia Medical Care Facilities Certificate of Public Need (emphasis added).[1] Under the "significant change" provision, only "projects" are subject to review. The term "project" is defined by former Code § 32.1-102.1 as follows:

"*Project*" means:

1. A capital expenditure by or on behalf of a medical care facility, including but not limited to any studies, surveys, designs, plans, working drawings and specifications, which, under generally accepted accounting principles, is not properly chargeable as an expense of operation and maintenance and which:

a. Exceeds $600,000 or such higher amount as the Board may prescribe,

b. *Increases the total number of beds*, or

c. Relocates ten beds or ten percent of the beds, whichever is less, from one physical facility to another in any two-year period; however, a hospital shall not be required to obtain a certificate for the use of ten percent of its beds as nursing home beds as provided in § 32.1-132. (emphasis added).

In applying these provisions, the Commissioner determined that the addition of the operating room by FSC constituted a significant change, as an operating room was "synonymous with a bed" and that the addition of an operating room, therefore, increased the number of beds. The Commissioner also found that "the addition of an operating room at Fairfax Surgical Center, would be

---

[1] "*Significant Change*": Any alteration, modification or adjustment to a *project* for which a certificate of public need has been issued or request which: (1) changes the site; or (2) increases the cost of the project above the amount approved; or (3) *changes the number or type of beds;* or (4) changes the service(s) proposed to be offered; or (5) *extends the schedule for completion of the project.* (emphasis added).

extending the schedule for completing its original project" by more than twelve months. The Circuit Court of Arlington County affirmed the Commissioner's holding upon the finding that the "Commissioner has not abused his discretion in interpreting an additional operating room to be the functional equivalent of an increase in the available number of 'beds.' "

■ "The burden shall be upon the party complaining of the agency action to designate and demonstrate an error of law subject to review by the court." Code § 9-6.14:17. "The question whether an agency decision making body acted within the scope of the authority conferred upon it by statute is a question of law." *Muse v. Virginia Alcohol Beverage Control Bd.*, 9 Va. App. 74, 78, 384 S.E.2d 110, 112 (1989). "Where the issue falls outside the specialized competence of the agency, such as constitutional and statutory interpretation issues, little deference is required to be accorded the agency decision." *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 246, 369 S.E.2d 1, 9 (1988); *see State Water Control Bd. v. Appalachian Power Co.*, 9 Va. App. 254, 259, 386 S.E.2d 633, 635-36 (1989).

We agree with the trial court's statement that a COPN is "a document of continuing force which must be reviewed when modifications are sought." However, agency review is required only in those cases that are within the purview of the statute. In this case, the Commissioner ruled that the addition of an outpatient operating room required review because it constituted a "significant change" in that it increased the number of beds and extended the schedule for completion of the project. To support the argument that a bed and operating room are synonymous terms, counsel for the Commissioner argues that the meaning of the term "bed," used in former Code § 32.1-102.1, varies with the type of facility over which review is sought and actually means "unit of service." Therefore, the Commissioner asserts that when a facility such as FSC seeks to add an outpatient operating room, this additional "unit of service" constitutes an additional bed bringing the proposed addition within the statutory definition of a project contained in former Code § 32.1-102.1 and making the addition reviewable under the significant change provision of COPN law. We disagree.

■ "Under established principles we note that '[n]on-technical words in statutes are taken to have been used in their ordinary

sense and acceptation.' " *Smith v. Commonwealth*, 3 Va. App. 650, 655, 353 S.E.2d 159, 161, *app. refused*, 363 S.E.2d 703 (1987) (quoting *Board of Supervisors v. Boaz*, 176 Va. 126, 130, 10 S.E.2d 498, 499 (1940)); *see Birdsong Peanut Co. v. Cowling*, 8 Va. App. 274, 277, 381 S.E.2d 24, 26 (1989). We find that the term "bed" as used in the statute is an ordinary and non-technical word which is not synonymous with the term "operating room." Had the General Assembly intended to define bed in such a manner it could have done so. However, in light of its failure to do so, we refuse to construe the term in this manner.

As an alternative basis to support his determination that the addition of an operating room constituted a significant change, the Commissioner concluded that the addition of an operating room extended "the schedule for completion of the project."[2] However, we are not persuaded by this contention, as it requires that we find that the addition of an operating room in 1987 to a hospital which was licensed, completed, and began operation in 1978 constitutes an extension of the schedule for completion of the original project.

Therefore, we hold that it was not necessary for FSC to obtain a COPN before adding an additional operating room.

*Reversed.*

Coleman, J., and Keenan, J., concurred.

---

[2] *See* note 1.