COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Elder
Argued at Salem, Virginia


MICRO COMPUTER WORLD, INC. AND
 OLD REPUBLIC INSURANCE COMPANY
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0101-96-3       JUDGE LARRY G. ELDER
                                       OCTOBER 1, 1996
GENE F. NIEMCEWICZ


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Steven H. Theisen (Midkiff & Hiner, P.C., on
            brief), for appellants.

            Easter P. Moses for appellee.


        Micro Computer World, Inc. and Old Republic Insurance

Company (collectively "employer") appeal the Workers'

Compensation Commission's (commission) decision awarding Gene F.

Niemcewicz (claimant) compensation benefits based on an average

weekly wage of $500.  Employer contends that the commission erred

in determining claimant's average weekly wage, where his wages

were never actually paid, but instead "deferred."  We disagree

with employer and affirm the commission's decision.

                            I.

                          FACTS

        Employer, a three-person corporation that designed computer

software products, employed claimant as its president beginning

in 1983.  From 1983 through 1992, claimant earned a salary of

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

$1,000 per month, plus commissions averaging $2,000 per month. In late 1992, after employer's financial condition deteriorated, claimant agreed to accept "deferred income" at a rate of $500 per week, to be paid if and when employer had sufficient funds to cover the expense. Claimant never worked for employer for free.

Claimant sustained a compensable injury by accident on February 24, 1993, and was totally disabled for over two months. At this time, claimant was still in "deferred income" status. Claimant did not receive any salary in 1992 or 1993 and did not report his "deferred income" on his income tax returns for those years. Employer's business closed in May 1995, and claimant never received his deferred income.

On July 19, 1995, the deputy commissioner found that claimant earned a $500 average weekly wage and awarded benefits based on this figure. On December 19, 1995, the commission affirmed the deputy commissioner's decision. Employer now appeals the commission's determination of claimant's average weekly wage.

## II.

### DEFERRED COMPENSATION AS WAGES

On appeal, we view the evidence in the light most favorable to the prevailing party below, claimant in this case. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "Under our standard of review [] factual findings are conclusive and binding on this Court." Birdsong Peanut Co. v.

Cowling, 8 Va. App. 274, 279, 381 S.E.2d 24, 27 (1989).  The commission's determination of a claimant's average weekly wage is a question of fact, which, if based on credible evidence, will not be disturbed on appeal.  Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 441, 339 S.E.2d 570, 573 (1986).

Pursuant to Code § 65.2-101(1)(b), the commission has the authority, under "exceptional" circumstances, to use whatever method "most nearly approximate[s] the amount which the injured employee would be earning were it not for the injury."  The unrebutted testimony of claimant proved that he agreed to receive deferred income in the amount of $500 per week beginning in 1992, until employer had adequate funds with which to pay claimant's wages.  No evidence proved that claimant worked during 1992 and 1993 on a voluntary basis without an expectation of remuneration.

Appellant argues that because claimant will never receive the deferred income that the income he expected to receive does not meet the definition of wages and should not be used to calculate "average weekly wage" under Code § 65.2-101.  It matters not that claimant will never receive the deferred income (because the corporation is defunct), or that claimant may never pay taxes on the deferred income.  These circumstances do not obviate the fact that when claimant sustained his work-related injury, he continued to work based on an agreement that he would at a future date be paid for his services in the amount of $500 per week.  Furthermore, the fact that claimant never reported his

deferred income to the Internal Revenue Service for taxation purposes is not dispositive.  While often the best evidence of a claimant's income is that which is reflected in his or her income tax returns, see Chesapeake Bay Seafood House v. Clements, 14 Va. App. 143, 147, 415 S.E.2d 864, 866 (1992), in this case, claimant never "realized" any taxable income.  The record fully supports the commission's finding that claimant expected to receive his deferred compensation in the future and was denied this compensation for reasons beyond his control.

For these reasons, we affirm the commission's decision.

Affirmed.