COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


SKYLINE EXCAVATING COMPANY, INC. AND
 MARYLAND CASUALTY COMPANY
                                      MEMORANDUM OPINION[*] BY
v.    Record No. 1956-96-3             JUDGE CHARLES H. DUFF
                                          APRIL 29, 1997
JOHN K. ABSHIRE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Mark M. Caldwell, III (Sarah Y.M. Kirby; Mary
              Louise Kramer; Sands, Anderson, Marks &
              Miller, on briefs), for appellants.

              Howard A. Herzog for appellee.



     Skyline Excavating Company, Inc. and its insurer

(hereinafter collectively referred to as "employer") appeal a

decision of the Workers' Compensation Commission awarding

compensation benefits to John K. Abshire (claimant).  Employer

contends that the commission erred in finding that claimant's

medical treatment, surgery, and disability were causally related

to an October 3, 1994 work-related accident.  Finding no error,

we affirm.

                I.  The October 3, 1994 Incident

     Claimant began performing construction work for employer in

October 1994.  On October 3, 1994, employer directed claimant and

his co-workers to replace a water line in an alley near a public

road.  During this task, Tommy Johnson and Jimmy Moran

────────────────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

jackhammered rock in a three-foot deep ditch so that they could place a joint of pipe in the ditch. At the time of claimant's alleged accident, Dave Vatter operated a backhoe, removing rocks from the ditch. Employer directed claimant to hold a flanged steel digging bar next to an old water line located in the ditch so that the backhoe bucket would not accidentally strike and break the old water line.

According to claimant's testimony, he was holding the digging bar when the backhoe bucket hit the left side of his body, causing him to curl over the bucket. When the bucket stopped, it threw him across the alley onto a dirt embankment, whereupon he immediately started vomiting. Claimant removed his hard hat and tossed it into the alley, and walked up the hill with Johnson to the employer's van. Claimant vomited a couple of times on the way to the van. When he got into the van, his stomach and back hurt. He then got out of the van, lay on the ground, and vomited again. Eventually, Mickey Cash, claimant's supervisor, took claimant to the Augusta County Hospital emergency room. Claimant told Cash about the incident in a manner consistent with his hearing testimony. Claimant attempted to return to work two days after the accident, but was unable to work due to pain in his lower back, stomach, and right leg.

Claimant's wife testified that when she arrived at the jobsite on October 3, 1994, Johnson told her that the backhoe bucket hit claimant and then it threw him onto a bank.

Vatter testified that the backhoe bucket slid off a rock and hit the digging bar. Vatter believed the bar struck claimant although he was looking in the ditch rather than directly at claimant. After the incident, claimant told Vatter that his leg hurt and he felt sick.

Moran, who was twenty-five to thirty feet away from where the accident occurred, and Johnson, who was fifteen feet away, testified that although the backhoe bucket hit the digging bar held by claimant, the bucket did not hit claimant himself and claimant was not thrown or knocked by the bucket. Johnson admitted that the digging bar being hit by the backhoe bucket may have "jarred" claimant.

Cash testified that he was on the jobsite on October 3, 1994, but he did not see the incident. When Cash took claimant to the hospital after the incident, claimant first told Cash that the backhoe had hit him, but later claimant stated that the digging bar had hit him in the back or the side.

## II.  The Medical Evidence

Drs. Peter Puzio, a neurologist, and Harold F. Young, a neurosurgeon, treated claimant. Each doctor recorded a history of a backhoe striking claimant and throwing or knocking him ten feet.

On May 18, 1995, Dr. Young opined that claimant's spinal pain was severe enough to require surgery, and that this pain was caused by the October 3, 1994 accident wherein claimant "was

3

struck and thrown." Dr. Young noted that claimant told him he had not suffered from any spinal pain prior to October 3, 1994. Dr. Young further opined that surgery on claimant's lumbar spine and possibly surgery on his thoracic and/or cervical spine were necessitated by the October 3, 1994 accident. On June 13, 1995, Dr. Young performed an L4-S1 fusion on claimant's back.

On August 29, 1995, Dr. Young opined that the impact claimant sustained in the accident caused his asymptomatic spondylolysis and spondylolisthesis to become symptomatic. Dr. Young reiterated his opinion that claimant's need for surgery resulted directly from the October 3, 1994 accident. Dr. Young based this opinion upon the facts that claimant was not experiencing any back pain or disability before October 3, 1994, and that he experienced severe lower back pain and intermittent leg pain and numbness after the incident.

On November 20, 1995, in response to a report generated by Dr. Herman Nachmann upon his review of claimant's medical records for employer, Dr. Puzio, who disagreed with Dr. Nachmann's opinions, opined that claimant sustained significant traumatic effects to his spine as a result of the October 3, 1994 incident.

Although claimant denied any prior history of back problems, other medical evidence indicated that claimant suffered from asymptomatic spondylolysis and spondylolisthesis prior to the October 3, 1994 incident, and furthermore, had suffered a 1991 work-related back injury.

4

### III. The Commission's Decision

The commission found that claimant's post-October 5, 1994 disability, medical treatment, and surgery were causally related to an October 3, 1994 incident. The commission accepted the testimony of claimant's co-workers, concluding that the backhoe bucket did not hit claimant nor was he thrown ten feet. The commission concluded that claimant was holding the digging bar against his left leg and the backhoe bucket struck the digging bar, leaving claimant dazed and in shock. The commission relied upon the opinions of Drs. Young and Puzio to find a causal connection between the accident and claimant's disability and surgery.

### IV. Analysis

"Under our standard of review . . . factual findings are conclusive and binding on this Court. . . . Furthermore, the probative weight the commission gave the conflicting testimony is similarly within its province and not subject to our review." Birdsong Peanut Co. v. Cowling, 8 Va. App. 274, 279, 381 S.E.2d 24, 27-28 (1989). As fact finder, the commission concluded, as it was entitled to do, based upon claimant's co-workers' testimony, that the accident occurred when claimant was holding the digging bar against his left leg and the backhoe bucket struck the digging bar. "'If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even

5

though there is evidence in the record to support a contrary finding.'" Food Lion, Inc. v. Lee, 16 Va. App. 616, 619, 431 S.E.2d 342, 344 (1993) (quoting Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986)).

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). The opinions of Drs. Young and Puzio, along with the uncontradicted evidence that before the October 3, 1994 incident, claimant's back condition was asymptomatic and he had been able to perform heavy labor, provide credible evidence to support the commission's finding that the October 3, 1994 incident caused or aggravated claimant's back conditions resulting in his post-October 5, 1994 disability and lumbar fusion surgery. The commission was entitled to weigh the probative value of these medical opinions, and to conclude that "any inaccuracies in the exact mechanism of the accident are of minor importance and do not discredit the physicians' opinions."

Because credible evidence supports the commission's findings that the October 3, 1994 incident occurred as described by claimant's co-workers, and that it caused claimant's post-October 5, 1994 disability and surgery, those findings are conclusive and binding upon us.

For the reasons stated, we affirm the commission's decision.

6

<u>Affirmed.</u>