ON REHEARING
| jBROWN, Judge,
on rehearing.
We granted rehearing to reconsider the issues presented in this appeal. The facts have been thoroughly set forth in the original opinion and dissent.
Plaintiffs argue that the hearing officer erred in granting summary judgment in favor of defendants, denying benefits to Joseph *119 Matthew, the posthumous, legitimate son of decedent. We agree.

Discussion

Under La.R.S. 23:1021(3), a “child” includes a legitimate posthumous child such as Joseph Matthew. However, for the conclusive presumption of La.R.S. 23:1251 to apply, i.e. that the child is actually and wholly dependent upon the deceased worker, the child must have been living with decedent at the time of his death. Because Joseph Matthew is not entitled to the conclusive presumption of dependency under La.R.S. 23:1251, the question of actual dependency, in whole or in part, is to be determined in accordance with the facts and circumstances at the time of the accident and death. La. R.S. 23:1252; Hurks v. L.H. Bossier, 367 So.2d 309 (La.1979); Hunt Plywood, Inc. v. Estate of Davis, 29,161 (La.App.2d Cir. 10/26/94), 645 So.2d 248, writs denied, 94-2871.94-2877 (La.01/27/95), 649 So.2d 388.
In Affiliated Foods, Inc. v. Blanchard, 266 So.2d 539 (La.App. 3d Cir.1972), the court determined that since the pregnant wife was not living with the decedent, his posthumous child would be entitled to benefits only if it were established that the pregnant wife was actually dependent upon the decedent at the time of his accident and death. In this case, the court found that the mother was not dependent upon the decedent; thus, the posthumous child was not entitled to workers’ compensation benefits. We reject the reasoning set forth in Affiliated Foods, Inc., supra, that the decedent’s support of the mother is the sole determinative factor upon which to base actual dependency of the child not yetjjborn. This rationale places upon a posthumous child an impossible and more onerous burden than that of a living child, who may show support independent of the mother through court action and income assignments. Likewise, the actual dependency of a posthumous child should be determined by an examination' of all relevant factors in light of the compromise character and humanitarian spirit of the workers’ compensation law.[1]
In the instant case, the record reveals that Mrs. Heyse is employed at Winn Correctional Center, earning an annual salary of $14,-000 before deductions. This income is insufficient to support herself and a child. Thus, in the past, she had to resort to Aid For Families with Dependent Children and obviously will have to seek similar aid from the state for Matthew. An income assignment had previously been obtained by the State Support Enforcement Services for the decedent’s first child, Tiffany, who at the time of her father’s death was married and 18 years old. We find that this income assignment shows Mrs. Heyse’s propensity to legally enforce her children’s right to support. See Fontenot v. Annelida Acres, Inc., 302 So.2d 690 (La.App. 3d Cir.1974). Because the decedent had obtained employment, he would have fully supported Matthew even if such support was compelled through state enforcement. We also find significant the recognition ofjjdependency by the federal government in granting social security death benefits to Joseph Matthew.
The above facts and circumstances belie the hearing officer’s conclusion that Joseph Matthew was not fully dependent upon the decedent. We thus reverse the hearing officer’s grant of summary judgment and remand for further proceedings consistent with this opinion.
Troy Heyse was $5,193 in arrears on his child support obligation for Tiffany at the time of his death. An income assignment order secured by Mrs. Heyse required that Troy Heyse’s employer withhold and forward *120 a portion of his disposable income to Support Enforcement Services in Alexandria, Louisiana. Decedent, however, had only been employed with Earnest Baxley Logging for six or eight weeks at the time of his death and the garnishment procedure was not yet complete.
Plaintiffs assert that defendant should be held liable for the payment of Mr. Heyse’s arrearage. The hearing officer, however, correctly found that the child support award and income assignment order were not within the jurisdiction of the Office of Workers’ Compensation. See La. Const. Art. 5, § 16; La.R.S. 23:1310.3.

Conclusion

For the reasons set forth above, we reverse the hearing officer’s grant of summary judgment and remand for further proceedings consistent with this opinion. Costs are assessed to defendants-appellees.
GASKINS and PEATROSS, JJ., dissent.

. This circuit has recently discussed the factors used to determine actual dependency. In Hunt Plywood, Inc., supra, the deceased left two illegitimate children, both one year old, at the time of his death. The court found partial dependency based upon visitation, purchases of diapers, medicine and other requested items, as well as monetary gifts.
On rehearing, this court in Silk v. Silk, 29,107 (La.App.2d Cir. 04/02/97), 691 So.2d 97, found that the surviving spouse and minor child were dependent even though the decedent did not live with them and had made no contributions in the three months prior to his death. The court emphasized that the contribution required by statute is not qualified or limited to monetary payments, nor is there a requirement that the contribution be made concurrently or close to the contributing spouse's death.