William Woodrow Kopcial, III,
t/a W. R. Brews

v.

Virginia Department of
Alcoholic Beverage Control

November 15, 1999

Case No. CH97-567

BY JUDGE ROBERT P. DOHERTY, JR.

Kopcial is charged with violating state law by displaying on premises, permanent, lighted, three-dimensional advertising of the brands of beer that he sells in his tavern. He argues that the signs in question are works of art and are therefore exempt from regulation. In the alternative, he claims that the statutes limiting his interior advertising are unconstitutionally vague and that they infringe upon his freedom of speech. An administrative hearing officer found that Kopcial's use of certain neon beer signs and other items advertising beer in his bar was illegal. The Alcoholic Beverage Control Board upheld this decision. This Court finds that the statutes and administrative regulations challenged are constitutional. The question of whether the advertising is exempt under the art exception was not decided at the hearing level, and, accordingly, this matter will be remanded for such a determination.

## Constitutionality

Petitioner argues that because § 4.1-113, Code of Virginia (1950), as amended, and the related code sections do not define the phrase, works of art, they are unconstitutionally vague and should be struck down. The Court

disagrees. "Under established principles we note that non-technical words in statutes are taken to have been used in their ordinary sense and acceptation." *Fairfax Surgical Ctr., Inc. v. State Health Commissioner*, 12 Va. App. 576, 580 (1991). "It would not be at all practicable to define in every statute the meaning of controlling words ... . To do this would extend to unreasonable length almost every statute ... ." *Collins v. City of Norfolk*, 186 Va. 1, 4 (1947).

Petitioner further argues that the code sections in question oppressively infringe on his constitutionally guaranteed freedoms of speech. The Court finds otherwise. The expressions sought to be protected by the Petitioner are "commercial speech." The absolute ban on a specific type of advertising, as was found in the case of *44 Liquormart v. Rhode Island*, 486 U.S. 750 (1996), is not at issue here. Instead, the four prong test to determine the reasonableness of restrictions on commercial speech as set forth in *Central Hudson Gas & Electric Com. v. Public Serv. Comm. of New York*, 447 U.S. 557 (1980), applies. See also *Adams Outdoor Adv. v. City of Newport News*, 236 Va. 370 (1988). Petitioner's advertising is not misleading and it concerns a lawful activity. Under those circumstances the Commonwealth's restrictions can only be deemed valid if they seek to directly advance an asserted and substantial governmental interest and reach no further than necessary to accomplish that interest. The statutory purposes set forth in § 4.1-215(C), as well as the regulations concerning allowable on-premises advertising, satisfy the *Central Hudson* test. Petitioner's freedom of speech has not been violated.

### *Art Exception*

The Court's judicial review of agency decisions is limited and "is equivalent to an appellate court's role in an appeal from a trial court." *School Board v. Nicely*, 12 Va. App. 1051, 1062 (1991). In such a case, the circuit court can determine whether the agency acted in accordance with the law, whether it made a procedural error, and whether it had sufficient evidential support for its findings of fact. *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 242 (1988). It does not sit as a trier of fact.

The legislature has granted the Alcoholic Beverage Control Board the authority, within statutory guidelines, to regulate the advertising of alcoholic beverages. An exception to that authority is contained in § 4.1-113(B), which prohibits the Board from regulating alcohol advertising contained within works of art. It is axiomatic, therefore, that before the Board can regulate the Petitioner's alcohol advertisements, it must first decide whether the advertisements constitute, or are contained within, works of art. That was not

done. The actual conclusion of the Hearing Officer, which was adopted by the Board, stated that "[i]n and of themselves, the objects may be considered works of the pop art style; in a licensed establishment, they are considered as unlawful advertisements." Another way to state that conclusion is to say, "Whether it is art or not, it is unlawful advertising." Such a conclusion is contrary to the statutory scheme which exempts works of art from regulation.

Accordingly, the Board's decision is vacated and remanded to the hearing officer for a specific finding of fact as required by statute.